## Ernest Shorey v. Department of Employment Security

[377 A.2d 1389]

No. 298-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed September 12, 1977

*Alan P. Biederman,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*David M. Wilson,* Montpelier, for Defendant.

**Per Curiam.** The plaintiff was denied unemployment compensation on the ground that he left his employment voluntarily without good cause attributable to the employer. The facts concededly establish that the employer expressly indicated that the plaintiff would get a pay raise. After several months passed from the first raise request, punctuated by various temporizing promises, as well as a firm statement of intent to give a raise from the employer, the plaintiff was told that he would not get any increase. He thereupon quit.

The department analogized this case to a situation where there was an expectation of a pay raise, rather than a promise or contractual obligation. See *DeSantis* v. *Board of Review,* 149 N.J. Super 35, 372 A.2d 1362, 1364 (1977). The findings of fact clearly place the expected raise into the class of an employer's promise. The department's claim of condonation because the plaintiff worked at the lower wage for a period of time awaiting fulfillment of the promise cannot stand because the employer induced the expectation that led the plaintiff to continue his service.

Since the facts acknowledged to be applicable by the department compromise the conclusion reached by the board in this case, the judgment must be overturned.

*Judgment reversed and cause remanded for computation of benefits.*