**Eileen B. Kaufman v. Department of Employment Security**

[385 A.2d 1080]

No. 190-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed April 4, 1978

*Eileen B. Kaufman, pro se,* Bayport, New York, for Plaintiff.

*Michael R. Ryan,* Montpelier, for Defendant.

**Per Curiam.** The appellant, Eileen Kaufman, filed for unemployment compensation. After hearing, the claims examiner found that she had been discharged for misconduct and disqualified her for benefits from the week ending November 27, 1976, through the week ending January 15, 1977. From this determination Ms. Kaufman appealed to the referee, who gave notice of a hearing concerning "Discharge from Employment." A hearing was held, findings made, and the appeals referee sustained the determination of the claims examiner.

Ms. Kaufman appealed to the Board on their form D-150 (6/74) citing as the reason for disqualification "Discharge for Misconduct Section 1344." In a written appendix setting forth her differences with the findings of the appeals referee, appellant asked the board to find that "my actions did not amount to misconduct under 21 V.S.A. 1344." The board, after notice, held a hearing. They also made findings of fact. From such findings, they concluded that "claimant was not discharged for misconduct but rather she left her last employing unit voluntarily without good cause attributable to such employing unit." Their decision modified the referee's decision and disqualified the appellant "for the week ending Novem-

ber 27, 1976 and until she has earned wages in excess of six times her weekly benefit amount. Such disqualification shall not extend beyond the week ending March 5, 1977."

The new penalty was substantially harsher than that handed down by the claims examiner and sustained by the referee.

Appellant here contends that the board's decision changing the characterization of her termination from discharge for misconduct to voluntary quit was a deprivation of due process as guaranteed by the Constitutions of Vermont and the United States.

■  The board has the power to affirm, modify or reverse the decision of the referee. 21 V.S.A. § 1349. In the exercise of this function, however, it cannot violate fundamental principles of fairness. 21 V.S.A. § 1351.

■  A fair hearing requires either proper notice of the issues to be heard or a basis in the record to show an informed and intelligent waiver of the same. *Lewis* v. *Hot Shoppes,* 211 So. 2d 20, 21 (Fla. Dist. Ct. App. 1968); see *Morgan* v. *United States,* 304 U.S. 1 (1938); *Aiken* v. *Malloy,* 132 Vt. 200, 209, 315 A.2d 488, 493 (1974).

■  The hearing before the Board could encompass only the issues framed by the pleadings. The correctness of the claims examiner's and appeals referee's findings that appellant had been discharged for misconduct was the only issue submitted to the Board for its determination. When the board departed from this issue and concluded that appellant's employment was terminated by voluntary quit without giving notice to the appellant that such a conclusion was being considered, it deprived appellant of the opportunity to make a countervailing argument. This was a denial of a fair hearing. *Lewis* v. *Hot Shoppes, supra,* 211 So. 2d at 21.

*Vacated and remanded for further proceedings in accordance with this opinion.*