## Gary J. Seymour v. Department of Employment Security

[399 A.2d 519]

No. 93-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 14, 1979

*Walter M. Morris, Jr.*, Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Michael F. Ryan*, Montpelier, for Defendant.

**Per Curiam.** The claimant, a youthful employee, was denied unemployment compensation on the ground that he left his

employment voluntarily without good cause attributable to his employer. 21 V.S.A. § 1344(a)(2)(A).

The Board concluded that the employer, to the claimant's detriment, breached an agreement to provide transportation to work sites in New York. It further concluded, however, that the claimant had waived the breach by electing to use his own car and then by not objecting to the substantial change in the agreement during the four week period of his employment. We cannot agree and, accordingly, reverse.

By the employer's failure to provide transportation, the claimant was unreasonably placed in a position which rendered continued employment impossible. To insist that he waived good cause through a good faith effort to remain employed is to ignore the evidence of the employer's fault. The undisputed evidence shows that the claimant worked at various job sites in the State of New York, providing his own transportation for a period of four weeks. He gave his employer a week's notice of his intention to leave the job.

As in *Wallace* v. *Department of Employment Security*, 134 Vt. 513, 365 A.2d 517 (1976), where the claimant accepted unsuitable employment but did not remain in excess of a reasonable period of time, no waiver or forfeiture of unemployment benefits results. The Board's conclusions are inconsistent with the findings and not being supportable in law must be overturned. *Shorey* v. *Department of Employment Security*, 135 Vt. 414, 415, 377 A.2d 1389, 1390 (1977).

*Judgment reversed and cause remanded for computation and award of benefits.*