### Rebecca Darrel v. Department of Employment Security

[420 A.2d 864]

No. 105-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

September 8, 1980

*Robert S. Burke* and *Brian J. Grearson* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff.

*Brooke Pearson*, Montpelier, for Defendant.

**Per Curiam.** This is an appeal from a decision of the Employment Security Board upholding the appeals referee's conclusion

that claimant left her last employing unit without good cause attributable to that unit, and was therefore disqualified from benefits. 21 V.S.A. § 1344(a)(2)(A). Claimant's grievance was based on allegations of cramped and noisy working conditions, low salary, and verbal abuse by her supervisor. In addition, claimant argues that her dismissal from a special adult education degree program (the GEPFE program), which was a fringe benefit of the job, gave her good cause to resign.

Claimant first challenges the sufficiency of the record to support the Board's conclusion that she resigned without good cause attributable to her employer. Our review of the record demonstrates that the findings necessary to the Board's conclusions are supported by credible evidence, and therefore they must stand. *Kasnowski* v. *Department of Employment Security*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979).

The Board found that claimant's cramped quarters were necessary for easy and centralized access to records used by a number of employees. It also found that claimant's salary was commensurate with other nonprofessional salaries, that she had just received a raise, and that her salary was set by a joint union-employer committee. These findings are supported by the record, and justify the conclusions that the working space and salary claims do not constitute good cause for voluntarily quitting.

The Board made no findings on the issue of verbal abuse by claimant's supervisor. Although this issue is raised by testimony before the appeals referee, it was not argued to the Board, which may account for the absence of a finding on it. Nonetheless, we are not prepared to hold this pro se claimant to a waiver on this issue, as the Department would have us do. Rather, we can pass on the substance of the issue, because the absence of a finding does not preclude review. *Chittenden Trust Co.* v. *Maryanski*, 138 Vt. 240, 243, 415 A.2d 206, 208 (1980). The record discloses that claimant resigned on August 4, 1978, but that her supervisor had previously resigned on July 1, 1978. Under these circumstances, we find that the causal connection, if any, between the alleged abusiveness of claimant's supervisor and claimant's eventual resignation is too remote to constitute good cause attributable to the employer under § 1344(a)(2)(A).

Finally, claimant argues that her dismissal from the GEPFE program warranted resignation. Here, too, the time lapse between her dismissal in early April and her resignation four months later raises the question of whether there is a causal connection. Nonetheless, because there was a continual possibility of reinstatement during this four-month period, we do not find the delay to be fatal on this issue.

The claim fails, however, because of the voluntary actions of the claimant. The second weekend of claimant's GEPFE program classes conflicted with a weekend registration seminar in Washington, D.C., which claimant would normally have been required to attend as part of her job. Claimant's supervisor offered to go in her place, and claimant was warned that missing the weekend GEPFE classes to go to Washington could result in dismissal from the program. Despite this warning, claimant voluntarily chose to go to Washington instead of attending her classes. Accordingly, even if her dismissal caused her subsequent resignation, this was not good cause attributable to her employer because it was in fact attributable to her voluntary decision to go to Washington.

*Affirmed.*