# Gregory Whitchurch v. Department of Employment Security

[433 A.2d 284]

No. 92-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Gregory K. Whitchurch,* pro se, Montpelier, Plaintiff.

*Matthew R. Gould,* Montpelier, for Defendant.

**Underwood, J.** The claimant was employed as an evaluation research assistant by Washington County Mental Health Services, Inc., earning approximately $100.00 per week. When he began his job on October 31, 1978, he knew that it was funded by a grant which would terminate on October 31, 1979.

He was under the impression that he could go to the Barre office of the appellee, before his job ended, and get an advance determination as to what his unemployment compensation benefits would be. He felt that this would accelerate the paper work necessary for the ultimate filing of his claim. He went to the Barre office on October 12, 1979, and after discussing the matter with the office manager, signed a claim form. Over his signature appeared the following: "I register for work and claim benefits. I certify that the information entered in items 1 through 13 is true, to the best of my knowledge and belief. I understand that once filed, this claim cannot be withdrawn." His early filing of his claim, which was proper under the regulations, was processed immediately by the office manager for a benefit year commencing on October 13, 1979.

On October 26, 1979, the benefits section of the Unemployment Compensation Commission made a determination that the claimant would be eligible for benefits of $51.00 per week. A copy of this determination was mailed to the claimant and received some time prior to November 2, 1979. On this monetary determination form there appeared the following:

> If you consider this monetary determination to be incorrect, you have the right to appeal it within 10 calendar days of receipt, either in person or by mailing a signed letter to your local office or the Department in Montpelier, or you may request a redetermination and then appeal. If appealed by mail, the postmark date will be considered to be the appeal date. Contact your local office for assistance if you have any questions regarding this matter.

The claimant was dissatisfied with the amount of his benefits but did not request the Barre office or any employee of the defendant to assist him in appealing this determination. He waited until December 4, 1979, to file his pro se appeal from the determination of benefits to the appeals referee. The referee dismissed his appeal for lack of jurisdiction on the ground that it had not been timely filed. The claimant then appealed pro se to the Vermont Employment Security Board. The Board sustained the referee's decision and dismissed the claimant's appeal for lack of jurisdiction on the ground that the appeal was untimely filed.

The claimant thereupon took a pro se appeal to this Court. He briefs four claimed errors in the proceedings below:

> (1) The Board's findings are not supported by the evidence and the Board's conclusions and decision are not supported by its findings.
> (2) The appeals referee and the Board did not grant him fair hearings.
> (3) The Board refused to remand his appeal to the appeals referee after permitting the defendant's attorney to offer new evidence.
> (4) He was not properly advised of his rights to appeal.

At the outset, the claimant concedes that his appeal was not filed on time. He had 10 days within which to appeal the October 26, 1979, determination of his benefits by the benefits section. 21 V.S.A. § 1347(e) and § 1348(a). As he did not file his appeal until December 4, 1979, the appeals referee lacked jurisdiction to entertain the purported appeal. *Elliot* v. *Department of Employment Security*, 137 Vt. 536, 537, 409 A.2d 563, 564 (1979). The Board had the power to affirm, modify or reverse the decision of the appeals referee. *Kaufman*

v. *Department of Employment Security,* 136 Vt. 72, 74, 385 A.2d 1080, 1082 (1978). However, it had no inherent power to extend the statutory appeal period in the absence of statutory authority. *Allen* v. *Vermont Employment Security Board,* 133 Vt. 166, 169–70, 333 A.2d 122, 124–25 (1975). The claimant has not directed us to any such statutory authority.

■ The claimant argues now that we should toll the appeal period to permit his appeal to be treated as timely because, due to his pro se status, the appellee's employee should have advised him of his rights to appeal. He claims that if he had been properly informed he would have appealed from the determination of benefits within the ten-day period. A close review of the record before us refutes his contention. He received the determination of his benefits from the benefits section in ample time to file his appeal. Furthermore, the notice of determination of benefits advised him of his right to an appeal and directed him to contact the local office of the appellee if he had any question in regard to that right.

Further, the findings of the appeals referee indicated that the claimant did consult with the Barre office manager on November 2, 1979, and "At no time was an appeal of the monetary determination in question discussed." Instead, the claimant got into an argument with the office manager when she insisted he had to go to the Vermont Job Service Office to activate his file. He challenged her on this point, insisted that there was no legal authority for her request and that he had no intention of following her direction.

■ The claimant contends that he was not given a fair hearing before the appeals referee and the Board. We have searched the record and it appears to amply document the fact that the appeals referee and the Board properly assisted him while at the same time discharging their duty to impartially decide the issues. The claimant has failed to point to any evidence of prejudice in those proceedings. At most, he claims that if the appeals referee had asked him the right questions, he might have been able to demonstrate that the substance of his remarks at the November 2, 1979, meeting, at the Barre office, could have been construed as a timely request to appeal from the determination of benefits. This is an afterthought on the part of the claimant. The record is devoid of any such

request on the part of the claimant, and the appeals referee cannot be expected to be clairvoyant.

 The Board permitted the attorney for the appellee to argue that even if the claimant's appeal were treated as timely filed, the additional benefits would be no more than $1.00 per week. This, alleges the claimant, constituted new evidence, and the Board should have remanded the case to the appeals referee so that the claimant could also offer new evidence on the issue of the timeliness of his appeal. The Board, immediately following the claimant's remark to that effect, advised him that it would not consider that fact in making its decision. The remark constituted harmless error.

 The other item of claimed new evidence introduced before the Board was the claimant's copy of the determination of benefits mailed to him by the benefits section. This document was introduced into evidence as Exhibit 7 at the hearing before the appeals referee and was therefore properly before the Board. The findings of the Board on appeal are to be affirmed when supported by credible evidence. *Darrel* v. *Department of Employment Security*, 138 Vt. 549, 551, 420 A.2d 864, 865 (1980); *Kasnowski* v. *Department of Employment Security*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979).

*Affirmed.*