# Duane S. Allen v. Department of Employment Security

[444 A.2d 892]

No. 137-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Patricia A. Dooley*, Vermont Legal Aid, Inc., Springfield, for Plaintiff.

*Kissell and Massucco*, Bellows Falls, for Defendant.

**Hill, J.** Woodlan Tool and Machine Company appeals from a decision of the Vermont Employment Security Board awarding unemployment benefits to the claimant-appellee, Duane S. Allen. We affirm.

The Board found that claimant worked as a de-burrer and drill press operator for Woodlan. At the time he was hired, the employer promised Allen that he would receive training to work on a turret lathe. The claimant wanted this training, because operating a turret lathe is a more complex and better paid position than either drill operator or de-burrer. The claimant never received this training during his one and one-half year tenure, although he repeatedly requested the training from his supervisors, and the company was satisfied with his work. Disenchanted with the lack of training, he gave one week's notice, and informed the employer that he was leaving because of the failure to train him as promised. The plant's general manager responded by asking the claimant to stay, and promised the claimant that he would personally train him. The claimant agreed to stay. At least a week passed, yet the general manager did not even contact the claimant in reference to his training. During this time period, the claimant was involved in a fight with another employee, who was reprimanded for the incident. The claimant felt that the discipline was insufficient. Following this incident, the claimant resigned.

The Board rejected the claimant's argument that the employer's failure to provide a safe working environment was good cause for voluntarily quitting. The Board held that the employer's response to the altercation (reprimanding the instigator) was a reasonable response to any danger posed to the claimant. The Board concluded, however, that the employer's failure to provide the promised training as a turret lathe operator was good cause for voluntary resignation. Thus, the

Board held that the claimant was not disqualified from benefits under 21 V.S.A. § 1344(a)(2)(A).

On appeal, Woodlan urges two grounds for reversal. First Woodlan asserts that the claimant quit because of an allegedly unsafe working environment, not because of a lack of training. Thus, any lack of training was irrelevant. It argues that since the safety of the work place was satisfactory to the Board, it was erroneous to award benefits. The appellant's second contention is that the claimant quit too soon after the final promise of training, thereby preventing the employer from providing the training. We find both of these contentions untenable.

 We begin by outlining the standards for appellate review. Deference marks our review of Board orders. The Board's findings are affirmed if supported by credible evidence. E.g., *Whitchurch* v. *Department of Employment Security*, 139 Vt. 566, 570, 433 A.2d 284, 287 (1981); *Kasnowski* v. *Department of Employment Security*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979). Furthermore, whether a resignation is for good cause attributable to the employer is a matter within the special expertise of the Employment Security Board, and its decision is entitled to great weight on appeal. See *Schneider* v. *Vermont Employment Security Board*, 133 Vt. 187, 190, 333 A.2d 104, 105 (1975).

 Review under these standards reveals substantial evidence to support the Board's conclusion. The appellant's contention that the employee did not quit over lack of training is rebutted by the Board's finding that the claimant explicitly gave notice for this reason. Although the claimant's dissatisfaction with safety at the work place may not have been itself good cause to quit, this does not imply, as appellant contends, that the independent basis for quitting is thereby purged. Furthermore, the appellant's contention that it was not given an adequate opportunity to implement the promised training is rebutted by its failure to provide such training for approximately one and one-half years despite its contrary promise. We find no error in the Board's conclusion.

 Finally, we note with disapproval the inadequacy of the appellant's brief and printed case in this matter. Despite

a wealth of Vermont law on the subject, the appellant's brief does not cite a statute, case, or any other authority. This is inadequate briefing under V.R.A.P. 28. See *Quazzo v. Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978). Counsel should direct this Court's attention to some relevant authority that supports his position, or explain the absence of such authority. The appellant also chose to include only portions of the Board's decision in his printed case. This Court, of course, is concerned with the whole decision, not just the portions supportive of counsel's position. Under V.R.A.P. 30(a) it was the appellant's duty to include the full decision in his printed case. Needless to say, these errors did little to illuminate the appellant's position on appeal.

*Affirmed.*