## Thelma L. Stryszko v. Department of Employment and Training

[475 A.2d 230]

No. 83-108

Present: Hill, Underwood, Peck and Gibson, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 10, 1984

*Joan Bauer* and *Lila Richardson,* Vermont Legal Aid, Inc., Montpelier, for Plaintiff-Appellant.

*Matthew R. Gould,* Montpelier, for Defendant-Appellee.

**Per Curiam.** The claimant appeals from a decision of the Employment Security Board (Board) disqualifying her from unemployment compensation benefits. The Board found she left her employment voluntarily and without good cause. 21 V.S.A. § 1344(a)(2)(A). We affirm.

The claimant maintains that her employer, Service Master Building Services of Williston, Vermont (employer), promised to provide her transportation to and from work and that this promise was part of her contract of employment. This promise, she contends, was made by the employer's supervisor at the time of hiring. Claimant rode to work with this supervisor, coincidentally her neighbor, for a period of four to five weeks. The supervisor, however, left her job with the employer. The claimant then paid ten dollars a week to ride to work with another employee for a short period of time. When this employee also terminated his employment, claimant was left without transportation. She left her employment but maintains the termination was a "forced quit" in that her employer breached the employment contract by failing to provide transportation.

The burden of proving that the employment contract in this case included an agreement to provide transportation is on the claimant. *Spaulding* v. *Department of Employment Security*, 139 Vt. 562, 564, 433 A.2d 269, 270 (1981); *Wheeler* v. *Department of Employment Security*, 139 Vt. 69, 71, 421 A.2d 1315, 1316 (1980). The findings of the Board will not be disturbed unless, "considered as a whole, there is no evidence to support the decision." *Hill* v. *Department of Employment Security*, 141 Vt. 455, 456, 449 A.2d 969, 969 (1982). They will not be set aside unless clearly erroneous. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 44, 330 A.2d 468, 470 (1974).

Our reading of the record discloses no evidence that the employer or its agent promised to provide transportation as a condition of employment. To the contrary, evidence that the claimant agreed to pay a fellow employee for that service implies she assumed responsibility for transportation herself. Absent such an agreement, the employer's failure to provide transportation does not constitute good cause under 21 V.S.A. § 1344(a)(2)(A). Cf. *Seymour* v. *Department of Employment*

*Security,* 137 Vt. 79, 399 A.2d 519 (1979) (failure to provide agreed-upon transportation constituted good cause to resign).

*Affirmed.*