James Miner v. Department of Employment and Training

[475 A.2d 233]

No. 82-328

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 2, 1984

*Thomas W. Costello*, Brattleboro, and *John Roemer*, Putney, for Defendant-Appellant.

*Matthew R. Gould* and *Steven J. Kantor,* Montpelier, for Defendant-Appellee.

Hill, J. The employer, Fleming Oil Company (Company), appeals a determination by the Employment Security Board (Board) allowing the claimant-employee's claim for unemployment benefits. The Board upheld the ruling of the appeals referee who concluded that the claimant left the Company with good cause attributable to the Company. 21 V.S.A. § 1344(a)(2)(A). We affirm.

The claimant began his job with the Company as an apprentice mechanic. He assumed, however, from information given to him during his initial employment interview, that he soon would receive on-the-job training as an auto mechanic and a pay raise within a short period of time. During his time with the Company, however, and despite his requests, the claimant never received auto mechanic training. In addition, when the claimant asked his employer about the promised pay raise, he was told that employee pay raises were given only once a year. After approximately four months, the claimant resigned because the Company had failed to provide the training and pay raise.

The referee found that the mechanic's training and pay raise were conditions of employment that were relied upon by the claimant, and that the employer's failure to provide the training and raise constituted a breach of the employment agreement. This breach provided the requisite good cause, attributable to the employer, for the claimant's voluntary resignation. Thus, the claimant was eligible for unemployment benefits. The Board adopted these findings.

The Company argues that the evidence in the record fails to establish the existence of a binding employment agreement; the claimant had only an expectation of a pay raise and training rather than a promise or contractual obligation. See *Shorey* v. *Department of Employment Security,* 135 Vt. 414, 415, 377 A.2d 1389, 1390 (1977) (per curiam).

■■ We have held that "whether a resignation is for good cause attributable to the employer is a matter within the special expertise of the . . . Board, and its decision is entitled to great weight on appeal." *Allen* v. *Department of Employment Security,* 141 Vt. 132, 134, 444 A.2d 892, 893 (1982).

The findings of the referee and the Board "are to be affirmed if supported by credible evidence, even in the presence of substantial evidence to the contrary." *In re Wheelock*, 130 Vt. 136, 141, 287 A.2d 569, 572 (1972).

■■ The only evidence before the appeals referee in this case was the testimony of the claimant; the employer, who had timely notice of the hearing, did not attend. The test to be applied is whether the evidence in an employment security appeal is adequate to support the findings—whether the record contains " 'any credible evidence fairly and reasonably supporting' " those findings. *In re Wheelock, supra*, 130 Vt. at 139, 287 A.2d at 571 (quoting *Crawford* v. *Lumbermen's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 480, 483 (1966)). Although the employer did not dispute the claimant's testimony before the Board, the Board, like the referee, chose to believe the claimant. Weighing the credibility of a party is the proper function of the referee and the Board, and we may not usurp that task. *Kasnowski* v. *Department of Employment Security*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979).

■ The Company also claims that the Board erred by not remanding the claimant's appeal to the appeals referee for the taking of additional evidence, presumably, the Company's testimony concerning the terms of its employment agreement with the claimant. Under Rule 17E of the Rules of the Board, the decision to remand is within the discretion of the Board. The Company had the opportunity to present its evidence and chose, for whatever reason, to forgo that opportunity. We will not provide a second chance when the record before us is sufficient to support the determination of the Board.

*Affirmed.*