Arthur Rushlow v. Department of Employment and Training

[476 A.2d 139]

No. 83-055

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 20, 1984

*Thomas F. Garrett,* Vermont Legal Aid, Inc., Burlington, for Plaintiff-Appellant.

*Steven J. Kantor,* Montpelier, for Defendant-Appellee.

**Underwood, J.** This is an appeal from a decision of the Employment Security Board (Board) which found the claimant, Arthur Rushlow, disqualified for unemployment benefits. The claims examiner and the chief appeals referee had previously found the claimant disqualified for benefits. The hearing before the appeals referee provided the primary factual basis in this case.

The facts are not seriously in dispute. The claimant was employed by Barnier's Trucking Service, a rubbish removal business, on an hourly basis. On September 8, 1982, claimant's truck (truck #5) broke down while he was driving his route. Claimant called his employer and spoke to the employer's half-brother, Jimmy Barnier, who proceeded to the place where claimant's truck had malfunctioned. When Jimmy Barnier arrived, he told claimant that he could either drive truck #2 or go home. Claimant went home because of the undisputed unsafe condition of truck #2. There was evidence that the claimant had been sent home several times in the past for refusing to drive truck #2.

When the employer, Donald Barnier, learned that the claimant had gone home, he unilaterally decided to give claimant the rest of the week off. The employer instructed someone to call claimant and tell him to return to work the following Tuesday. Tuesday and Wednesday are the employer's two busiest days each week. The following week the employer called the claimant and asked him to come in to talk things over. Claimant agreed to the meeting, but it never took place; instead, claimant quit and filed for unemployment benefits.

Based on these facts both the appeals referee and the Board concluded that claimant had left his job voluntarily "without good cause attributable to [the employer]." 21 V.S.A. § 1344(a)(2)(A). In its opinion, the Board concluded that the primary reason claimant quit was his assumption that the employer intended to reduce claimant's employment to the point where he would work only on Tuesdays and Wednesdays. The Board observed that the validity of claimant's assumption was immaterial in this case, however, because the employer had sought to meet with claimant in order to clear up any uncertainties about the work situation. After initially agree-

ing to meet with his employer, claimant failed to do so. The Board further concluded that the claimant had failed to demonstrate either that he had made an adequate effort to retain his employment, or that such an effort would have been futile.

The claimant argues on appeal that he had good cause to quit because he was asked to drive an unsafe truck, and that he was not required to meet with his employer. We disagree and affirm.

■■ Claimant's primary argument is that he quit because of safety reasons—namely, being asked to drive an unsafe truck. He argues that this is good cause attributable to the employer. 21 V.S.A. § 1344(a)(2)(A). The burden is on the claimant to prove this. *In re Platt*, 130 Vt. 329, 331, 292 A.2d 822, 824 (1972). See *Stoodley* v. *Department of Employment Security*, 141 Vt. 457, 459, 449 A.2d 980, 981 (1982) (claimant bears burden of proving eligibility for unemployment compensation benefits under 21 V.S.A. § 1343(a)(3)). The Board was specifically aware of this argument by claimant: "[H]ad a decision in this case come down to deciding whether the claimant had good cause attributable to his employer because his employer gave him a choice of using unsafe equipment or quitting, we surely would have held for the claimant." Instead, the Board concluded that the claimant quit because he thought that his employer was planning to reduce his employment to two days a week. Unless it can be demonstrated that the Board was erroneous in its findings and conclusions, we must uphold its decision. *Hill* v. *Department of Employment Security*, 141 Vt. 455, 456, 449 A.2d 969, 969 (1982); *Cooley* v. *Department of Employment Security*, 138 Vt. 211, 213, 414 A.2d 1154, 1155 (1980).

■■ We note that when he first went to the Department of Employment and Training to file for unemployment benefits, the claimant told the claims examiner that his employer was "going to use me for Tuesday and Wednesday (heavy days) only. I do not want to work two days a week." On direct examination before the appeals referee the claimant stated: "That's the biggest day they got, Tuesday and Wednesday. They just were putting the heavy work on me. . . . They wanted—it just seemed like they just don't want me no more."

Although there is evidence that the claimant was sent home several times prior to this incident, the record does not support claimant's belief that his employment was being reduced to two days a week. In *Kasnowski* v. *Department of Employment Security*, 137 Vt. 380, 382, 406 A.2d 388, 389 (1979), we held that a quit for anticipatory reasons is not good cause attributable to the employer. We must, therefore, affirm the Board's conclusion that the claimant quit his job because of his belief that his hours had been reduced and not because of the employer's insistence that he drive an unsafe truck.

Claimant argues that a meeting with the employer would have been pointless under the circumstances of this case. *In Dunton* v. *Department of Employment Security*, 136 Vt. 483, 484, 394 A.2d 1129, 1130 (1978), we indicated that an employee must make some effort to remedy alleged poor working conditions or else demonstrate that such effort would be unavailing. In the instant case, the evidence reveals that the employer had contacted the claimant to arrange a meeting to discuss their differences. After initially agreeing to the meeting, the claimant failed to attend. Thus, the burden is on the claimant to show the meeting would have been useless. *Id.*

Claimant argues that the proffered meeting would have been useless to remedy the problems with the unsafe truck, not to iron out differences in the presumed reduction in working hours. We have already indicated that the Board properly concluded that the quit was not for safety reasons; therefore, claimant's argument here is misplaced.

There is a finding that the employer unilaterally sent the claimant home for the remainder of the week in question and that this had happened before. While this may well indicate some likelihood that the employer was content to reduce claimant's work hours, it is insufficient to indicate that a meeting with the employer would have been to no avail. While the evidence does indicate a possible deterioration in claimant's working condition, it is not sufficient to constitute good cause to quit under 21 V.S.A. § 1344(a)(2)(A).

*Affirmed.*