# Conan Trombley v. Department of Employment and Training

[503 A.2d 537]

No. 83-461

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 18, 1985

*Paula J. Kane, Vermont Legal Aid, Inc.*, St. Albans, for Plaintiff-Appellee.

*Marianne L. Marshall*, Swanton, and *Thomas J. Kennedy*, St. Albans, for Defendant-Appellant.

*Steven J. Kantor* and *Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Peck, J.** This is an appeal by Boss Excavating and Trucking Company (appellant) from that portion of an order of the Vermont Employment Security Board (Board) which charged the former's experience-rating record for unemployment compensation benefits which were erroneously paid to its former employee, Conan Trombley (claimant). We affirm.

Claimant was employed by appellant for approximately seven months. On December 2, 1982, he left his employment voluntarily, although continued employment was available to him for approximately one more month. Nevertheless, he filed a claim for unemployment compensation benefits and reported that he had been laid off. The appellant had submitted a wage and separation report, signed by its bookkeeper, indicating that the claimant had left his employment voluntarily. On a subsequent fact finding report, however, the appellant submitted a signed statement that Mr. Trombley had been laid off. Based on this latter report, the Unemployment Compensation Division paid benefits to the claimant for approximately five months.

In May 1983, the Unemployment Compensation Division learned of the possible error and scheduled another fact finding interview. The appellant then attested in writing that the claimant had voluntarily left his employ.

The claims examiner disqualified the claimant for the benefits he had received and for future benefits until he had earned wages in excess of six times his weekly benefit amount pursuant to 21 V.S.A. § 1344(a)(2)(A). The examiner also found the claimant liable for repayment of the total amount of benefits received. This decision was appealed to, and sustained by, the appeals referee. Claimant then appealed to the Vermont Employment Security Board. The Board sustained the claimant's disqualification for benefits, but waived liability for any repayment. Furthermore, the Board held that the experience-rating record of the appellant, as the employer, would not be relieved of charges for any benefits paid prior to the week in which the appellant corrected its misstatement. The Board found that it would be unjust to require the claimant to pay for the employer's error, and stated that it was the intent of the statute that both employer and employee be held accountable for their actions.

■ Appellant argues that 21 V.S.A. § 1325(a)(1) governs the issue in the case. We disagree. 21 V.S.A. § 1325(a)(1) provides that the "experience-rating record of an employer shall not be charged with benefits paid to an individual if: (1) His last employment with that employer was terminated under disqualifying circumstances . . . ." Appellant contends that this section coupled with 21 V.S.A. § 1347(a), which provides that "any person who by nondisclosure or misrepresentation by him, or by another, of a material fact . . . has received any amount as benefits . . . shall be liable for such amount," means that the employer should be relieved of charges for the benefits paid.

■ We are not persuaded that the appellant is relieved of the charge when the overpayment was the result of its own error. The Board found that it was the appellant's negligence which caused the overpayment. This Court must uphold the Board's decision unless it can be demonstrated that the findings and conclusions were erroneous. *Rushlow* v. *Department of Employment & Training,* 144 Vt. 328, 330, 476 A.2d 139, 141 (1984). Findings will be affirmed "if supported by credible evidence, even in the presence of substantial evidence to the contrary." *In re Wheelock,* 130 Vt. 136, 141, 287 A.2d 569, 572 (1972); *Miner* v. *Department of Employment & Training,* 144 Vt. 211, 213, 475 A.2d 233, 235 (1984).

The finding of negligence on the part of the appellant is supported by credible evidence. Specifically, the appellant attested on the fact-facting form that the claimant was laid off. Since we find no reason to disturb this finding, we must turn to 21 V.S.A. § 1314, which deals with employer noncompliance.

Under § 1314(a), the commissioner is authorized to require employers to keep true and accurate records and to make reports to the commissioner. Section 1314(b) requires employers to report employment and separation information to the commissioner within ten days of a request. Section 1314(c) provided:*

> If an employing unit fails to comply with the provisions of subsection (b) above, the commissioner shall determine the benefit rights of a claimant upon such information as is available. A determination shall be final with respect to a noncomplying employer as to any charges against his experi-

---

* Subsection (c) was amended in 1985 to include reference to a new § 1314a, which requires employers to file quarterly wage reports after October, 1986.

ence-rating record for benefits paid to the claimant before the week following the receipt of his reply and his experience-rating record shall not be relieved of those charges, notwithstanding any other provisions of this chapter, unless the amount of the benefits is recovered from a claimant, or unless the commissioner determines that failure to comply was due to unavoidable accident or mistake.

If the sanctions of this subsection apply when an employer has filed a timely but *inaccurate* report, then the employer's "experience-rating record shall not be relieved of those charges, *notwithstanding any other provisions of this chapter . . . .*" 21 V.S.A. § 1314(c) (emphasis added). We hold that subsection (c)'s provisions apply to this case.

It is the policy of this Court to avoid construing a statute in a way which would lead to irrational consequences or render the act ineffective. *State* v. *Lund,* 144 Vt. 171, 177, 475 A.2d 1055, 1059-60 (1984); *State* v. *Tierney,* 138 Vt. 163, 165, 412 A.2d 298, 299 (1980). It would be irrational to impose charges for untimely reports and not to impose the same charges for timely but inaccurate reports. Imposing a legal duty to file information without requiring that information to be true and accurate would render the reporting system meaningless.

The purpose of subsection (c) is to insure that the Department of Employment and Training receives accurate and timely information on which to base its decisions regarding benefits. Filing inaccurate information has the same effect as not filing at all. In either case, the Department must base its decision on whatever information it has, and any error caused by the employer's negligence must be borne by the employer. Otherwise, all the employers contributing to the fund would pay for the negligent employer's error. Furthermore, allowing an employer to avoid charges for filing inaccurate reports could encourage collusion between an employer and employee. The employer could agree to lay off the worker and then, later, claim mistake and shift the cost to the fund's other contributors. This result is contrary to the purpose and meaning of the statute.

The employer's experience-rating record may be relieved of charges under 21 V.S.A. § 1314(c) if the amount of the benefits erroneously paid has been recovered from the claimant or if "the commissioner determines that failure to comply was due to una-

voidable accident or mistake." *Id.* In this case, the Board waived repayment by the claimant because it found the appellant's error to be the controlling factor in the overpayment. Therefore, the Board did not impose liability for repayment on the claimant under 21 V.S.A. § 1347(a). Because the appellant has not appealed the issue of whether the Board should have required repayment by the claimant, we do not address that question. Issues not appealed and briefed are waived. *Hilder* v. *St. Peter,* 144 Vt. 150, 165, 478 A.2d 202, 211 (1984).

The appellant did not raise the issue of unavoidable mistake under 21 V.S.A. § 1314(c), and the record reveals no evidence that its error was unavoidable. Therefore, we do not address the unavoidable mistake exception to § 1314, *Hilder, supra,* at 165, 478 A.2d at 211, and affirm the Board's order.

*Affirmed.*

