## David LeBarron v. Department of Employment and Training (Burt Equipment Co., Inc., Appellant)

[552 A.2d 396]

No. 86-527

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed July 15, 1988

*Richard H. Coutant of Salmon & Nostrand,* Bellows Falls, for Defendant-Appellant.

*Brooke Pearson,* Montpelier, for Defendant-Appellee.

**Allen, C.J.** Defendant Burt Equipment Company (employer) appeals the decision of the Employment Security Board (Board) awarding claimant unemployment compensation benefits. We affirm.

Claimant worked for employer as a welder. He was terminated from his job after a supervisor observed claimant and a co-worker engaged in horseplay near the co-worker's welding bench. Claimant and the co-worker were interviewed by several supervisors following the incident and then suspended. Claimant was later terminated. He applied for unemployment compensation benefits, claiming he was terminated because of his activities in the union, not because of the horseplay. The claims examiner found that claimant was not discharged for misconduct connected with his work and was therefore not disqualified for benefits under 21 V.S.A. § 1344(a)(1)(A). The examiner awarded claimant benefits. Employer appealed that award to the chief appeals referee. The referee held a hearing at which claimant's supervisor testified. Claimant did not appear, but submitted several documents as exhibits, including an affidavit describing the horseplay incident. The referee concluded that claimant was discharged for misconduct connected with his work, rendering him ineligible for benefits under 21 V.S.A. § 1344(a)(1)(A). Claimant then appealed this determination to the Board, which held a hearing at which claimant testified but no representative of employer appeared. Employer sent the Board a brief stating its legal argument. The Board reversed the decision of the referee. This appeal followed.

The sole issue for our consideration is whether the Board committed reversible error by admitting new evidence at its hearing, We conclude it did not. Board Rule 17E governs the procedure to be followed in hearings on benefit appeals before the Board:

> Except as otherwise provided by this rule all appeals to the Board shall be heard upon the evidence in the record made before the referee.
>
> In the hearing of an appeal on the record by the Board, parties may present oral or written argument or both.
>
> The Board may direct the referee to take additional evidence necessary for the proper disposition of the appeal. Such evidence shall be taken by the referee in the manner

prescribed for the conduct of hearings on appeals before him. Upon completion of the taking of such additional evidence, the complete record involved in the appeal shall be returned to the Board for its decision thereon.

Thus, decisions by the Board are to be based on the record of the hearing before the referee, and the only method for the Board to consider additional evidence is by remanding the case to the referee to take new evidence. See *Miner* v. *Department of Employment & Training,* 144 Vt. 211, 213, 475 A.2d 233, 235 (1984) (decision of Board to remand case to referee to take new evidence is discretionary).

In this case, however, the substance of claimant's testimony before the Board, which employer characterizes on appeal as new evidence, was already part of the record from the hearing before the referee. While he had not testified at the hearing before the referee, claimant had submitted an affidavit to the referee, which was admitted into evidence, giving his version of the horseplay incident. Employer's argument that it should have had the opportunity to cross-examine claimant is unavailing. No objection was made to claimant's version of the horseplay incident when it was introduced in the form of an affidavit at the hearing before the referee. While counsel indicated that he would have appreciated the opportunity to cross-examine claimant, no request was made for a continuance to procure claimant's attendance nor was an objection made to the affidavit.

Because the substance of the testimony heard by the Board was already part of the record, we conclude that its admission constitutes harmless error. See *Harrington* v. *Department of Employment Security,* 142 Vt. 340, 344, 455 A.2d 333, 336 (1982) (admission of new evidence at Board hearing was harmless error where it had no impact on Board's decision); *Whitchurch* v. *Department of Employment Security,* 139 Vt. 566, 570, 433 A.2d 284, 287 (1981) (document already in record does not constitute new evidence at Board hearing).

*Affirmed.*