*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-063

JUNE TERM, 2015

| | | |
|---|---|---|
| Brian Farr-Maccione | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| | } | |
| Vermont Department of Labor | } | DOCKET NO. 11-14-048-07 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals a decision of the Employment Security Board, which concluded that claimant was overpaid benefits due to inaccurate reporting of wages, and ordered that claimant make a repayment of $797. On appeal, claimant argues that no repayment should be required because he has a disability and no accommodation was provided to him in submitting his claim forms. We affirm.

The record reveals the following facts. Claimant received unemployment benefits during a time when he was partially employed. Due to claimant's failure to disclose certain earnings, the Department of Labor found claimant liable for a $797 overpayment and for a penalty based on its finding that claimant acted intentionally. Following claimant's appeal, the administrative law judge found that claimant's errors were inadvertent and waived the penalty, but confirmed that claimant was liable to repay the overpaid benefits.

Claimant appealed to the Board arguing that the repayment should be forgiven because there was no accommodation provided to him for his cognitive disabilities. Following a hearing, the Board affirmed the decision of the administrative judge. The Board explained that the Department did not have an affirmative obligation to determine claimant's disability status and claimant did not make the Department aware of his disability. Further, the Board explained that assistance for filing claims was available and claimant had in fact used services provided by the Department. Finally, the Board concluded that under the applicable law, overpayments must be repaid regardless of whether the incorrect income disclosure was made inadvertently.

On appeal, claimant does not contest that he was overpaid unemployment benefits. He argues that he has cognitive disabilities and should not be required to repay the amounts because there were not any accommodations in place to help him through the process of filing for unemployment benefits.

The requirement to repay benefits is derived from the unemployment statutes. The applicable statute is entitled "Nondisclosure or misrepresentation," and provides that

> any person who by nondisclosure or misrepresentation by him or her, or by another, of a material fact (<u>irrespective of whether such nondisclosure or misrepresentation was known or fraudulent</u>) has received any amount as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in his or her case or while he or she was disqualified from receiving benefits, <u>shall</u> be liable for such amount.

21 V.S.A. § 1347(a) (emphases added). The Board explained that the statute requires reimbursement of overpaid benefits regardless of whether the nondisclosure was intentional. Absent a compelling indication of error, we defer to the Board's interpretation of the statute it is charged with executing. <u>Sec'y, Agency of Natural Res. v. Upper Valley Regional Landfill Corp.</u>, 167 Vt. 228, 238 (1997).

The Board's interpretation of the statute is reasonable. The statute indicates that a person "shall be liable" for benefits received due to nondisclosure "irrespective of whether such nondisclosure . . . was known or fraudulent." 21 V.S.A. § 1347(a). Use of the language "shall" in the statute indicates that repayment is mandatory. See <u>Town of Victory v. State</u>, 174 Vt. 539, 544 (mem.) ("Use of the word 'shall' in a statute generally means that the action is mandatory, as opposed to directory."). Because repayment of overpaid amounts due to nondisclosure is mandatory regardless of intent, it is immaterial whether the error in reporting income was a result of claimant's disability.

Further, even if the Department's failure to provide accommodations for a disability could eliminate the need to make repayment, claimant has failed to demonstrate that he requested an accommodation. See <u>Bhatt v. Univ. of Vt.</u>, 2008 VT 76, ¶ 20, 184 Vt. 195 (explaining that to establish prima facie case under Vermont Public Accommodations Act plaintiff bears burden of demonstrating that reasonable accommodation was requested). The Board found that claimant did not make the Department of aware of his disability or request any particular accommodation, and claimant does not dispute that finding on appeal. See <u>Trombley v. Dep't of Emp't & Training</u>, 146 Vt. 332, 334 (1985) (reciting that Board's findings will be affirmed on appeal if supported by credible evidence).

Finally, we address claimant's evidentiary arguments. Claimant contends that the Board erred in admitting wage verification exhibits offered by the Department because the documents were not properly certified. Claimant fails to demonstrate how he was prejudiced by any error in the admission of this evidence insofar as he does not challenge the accuracy of the wage records that were used to create the exhibits.

Claimant also argues that the Board erred in referring to the "CSR Claimant Inquiry Notepad" because it was not entered as an exhibit. Insofar as the notepad was not entered as evidence, it was error for the Board to reference it in its decision. This error was harmless,

2

however, as it does not impact our decision that the statute requires repayment of the overpaid benefits.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice