*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-131

OCTOBER TERM, 2016

| | | |
|---|---|---|
| Cynthia Day | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 01-16-023-15 |
| (Chelsea School District, Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals the denial of her claim for unemployment compensation benefits. On appeal, claimant argues that she quit due to adverse conditions at her employment, which she asserts amounted to good cause attributable to her employer. We affirm.

Claimant was employed as a teacher by the Chelsea School District for approximately eight weeks. Claimant's last day of work was October 16, 2015. She submitted a letter on October 19, 2015, quitting effective immediately.

A claims adjudicator found that claimant left her employment voluntarily without good cause attributable to her employer. Claimant appealed to an administrative law judge, who held an evidentiary hearing. Claimant testified that she left because she was not being supported in her position and that she felt she would not be successful. Among other things, she stated that she did not have class lists, proper mentorship, complete curriculum, or disciplinary support from the principal. She explained that she believed that staying would subject her to disciplinary punishment or having her license revoked. Her principal was present and testified that claimant had been provided with a mentor and with assistance from several other individuals. He also stated that he had discussed discipline with claimant and made himself available to assist. He testified that he had a meeting with claimant on October 6, 2015, to discuss her failure to submit course syllabi and enter student grades into the computer in a timely manner. He stated that at no time did he contemplate action or have authority to take action that would put claimant's license in jeopardy.

The administrative law judge upheld the denial of benefits. Based on the testimony, the judge found that on October 6, the principal met with claimant to discuss her failure to complete certain tasks in a timely manner, but that no disciplinary action was being contemplated. The judge found that claimant was dissatisfied with her work situation and overwhelmed by her responsibilities, but that claimant had not shown that her employer had failed to make a good-faith effort to provide support for her or to meet its obligations. The judge concluded that claimant's decision to quit was a personal choice not attributable to her employer. Claimant appealed to the Employment Security Board, and the Board affirmed. Claimant now appeals to this Court.

An employee is disqualified from unemployment benefits if the employee voluntarily leaves without good cause attributable to the employer. 21 V.S.A. § 1344(a)(2)(A). "The question of whether a resignation is for good cause attributable to the employer is a matter within the special expertise of the Board, and its decision is entitled to great weight on appeal." Cook v. Dep't of Emp't & Training, 143 Vt. 497, 501 (1983). This Court will affirm the Board's findings if they are supported by credible evidence, even if there is other evidence to the contrary. Id. The burden of proving good cause attributable to the employer is on the employee. Skudlarek v. Dep't of Emp't & Training, 160 Vt. 277, 280 (1993). "In determining good cause, we must examine each case according to a standard of reasonableness." Id.

Claimant argues that the conditions at her employment were unbearable and that her employer was made aware of her issues and had ample opportunity to correct them.[*] At the hearing before the administrative law judge, claimant testified and presented an exhibit of an email dated October 9, 2015, which detailed her concerns about the lack of support. Employer also presented testimony from the school principal. Employer's testimony was that claimant was provided with support including an in-service training day, manuals, and a mentor. Employer also testified that he was available to claimant as a resource. An exhibit indicates that the principal had arranged for the director of curriculum to visit claimant's classroom on October 19. Although claimant asserts that her employer has not been truthful, it is up to the Board to assess the credibility of the evidence and this Court will not reweigh the evidence on appeal. See Cook, 143 Vt. at 501 (explaining that this Court affirms Board's findings even if there is substantial evidence to the contrary).

Here, even assuming that claimant's grievances about her employment conditions would have amounted to good cause to quit, credible evidence supports the Board's finding that claimant had not allowed employer enough opportunity to address the concerns she raised prior to quitting. Prior to leaving employment, an employee has a duty to attempt to resolve any workplace grievance or demonstrate that such an effort would be unavailing. Rushlow v. Dep't of Emp't & Training, 144 Vt. 328, 331 (1984). Claimant first raised the issues with the principal on October 6. At that time, the principal was providing assistance in the form of manuals, personal assistance, and a mentor. Further, as a follow up to their meeting, the principal had arranged for the director of curriculum to visit claimant's classroom on October 19. Claimant quit before this visit could occur and the principal could fully address claimant's concerns.

Further, the record does not support claimant's assertion that her licensure was at risk if she continued in her employment. "A resignation over something that is only a future possibility and has not actually yet occurred does not justify the award of benefits." Cook, 143 Vt. at 501 (quotation omitted). The Board found that claimant met with the school principal on October 6, 2015, regarding missed deadlines, but that the principal was not contemplating any action that would put claimant's license at risk. Moreover, the evidence shows that prior to her resignation, no disciplinary action had been taken against claimant. Therefore, the evidence supports the Board's findings that claimant's license was not at risk and this anticipatory reason did not amount to good cause attributable to the employer. See Rushlow, 144 Vt. at 331 (explaining that anticipatory reason for quitting "is not good cause attributable to the employer").

---

[*] In response to appellee's brief, appellant filed a reply brief. The reply brief was due by order on September 23, 2016, and was not filed until September 27, 2016. Further, although it contains no word count compliance certificate, it appears to exceed the 6000-word limit in the appellate rules. V.R.A.P. 32(a)(7)(B)(ii). Nonetheless, this Court has considered the reply brief in making this decision.

Claimant also asserts that she was not afforded an opportunity to participate in a fact-finding interview with the Department of Labor claims adjudicator. Even assuming that claimant was denied an opportunity to speak with the claims adjudicator, claimant was not prejudiced because she was granted a full evidentiary hearing before the administrative law judge where she had an opportunity to explain her reasons for resigning and to present any other evidence to support her claim. See In re Towle, 164 Vt. 145, 153 (1995) (explaining that due process satisfied where full evidentiary hearing is provided following initial predetermination hearing).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice