VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.          25-AP-181



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

| | |
|---|---|
| Todd Balise\* v. Department of Labor<br>(Lincoln Street, Inc.) | } APPEALED FROM:<br>}<br>} Employment Security Board<br>} CASE NO. 07-24-021-01 |

In the above-entitled cause, the Clerk will enter:

Claimant, self-represented, appeals an Employment Security Board order concluding that he was disqualified from receiving certain unemployment benefits because employer discharged him for misconduct connected with his work.  We affirm.

The record reflects the following.  Claimant applied for unemployment benefits after employer terminated him in April 2024.  In June 2024, a Department of Labor claims adjudicator determined that claimant had been discharged for misconduct connected with his work because he engaged in actions that demonstrated a willful and culpably negligent disregard of employer's business interests.  As a result, claimant was disqualified for benefits for a two-month period and subject to a benefit cap under 21 V.S.A. §§ 1340(b) and 1344(a)(1)(A).

Claimant appealed the determination to an administrative law judge (ALJ).  An evidentiary hearing was scheduled for October 2024.  The Department's notice advised the parties that they would have an opportunity to provide additional documentation for the ALJ's consideration.  Claimant did not seek to admit additional documentation at the hearing.  He testified that, beginning in late fall 2023 and continuing through his termination in April 2024, he experienced a serious decline in his health exacerbated by his resistance to a medication prescribed for a heart condition.  Claimant stated that this resistance resulted in a cognitive decline and negatively impacted his memory and ability to plan and solve problems.  Claimant also explained that employer was not aware of the nature or extent of his health issues prior to his termination, noting that he himself had "very little insight as to what was occurring" at the time.

In November 2024, the ALJ issued a written decision upholding the claims adjudicator's determination.  Claimant appealed to the Board.  The Board hearing was held in April 2025.  There, claimant argued that he did not engage in misconduct prior to his termination and instead attributed his performance issues to his alleged medication-related cognitive decline.  Claimant stated, "If I need to submit health records, I can," and requested that—in the event the Board determined there was insufficient evidence that his job performance was connected to a health

issue—it remand the matter to the ALJ to take additional evidence. In doing so, he noted that his symptoms were "all medically documented," but that he did not "necessarily want to submit" such documentation earlier "because it was protected health information."

The Board adopted the ALJ's factual findings and sustained her decision. Those findings were as follows. Prior to claimant's termination, employer placed him on a performance-improvement plan aimed at correcting substandard work conduct. Specifically, employer sought to improve claimant's communication and completion of assigned tasks. Employer documented claimant's failure to meet expectations regarding the level of engagement and management necessary to fulfill the duties of his position. It scheduled regular meetings between claimant and his supervisor for purposes of counseling claimant and monitoring his progress. Despite these interventions, employer issued a final written warning in March 2024. It discharged claimant in April 2024 for failing to complete required tasks. On this basis, the Board concluded that employer satisfied its burden to demonstrate that claimant was discharged for misconduct connected with his work.

In its decision, the Board acknowledged claimant's argument that his performance deficiencies resulted from declining health that impacted his cognition. It noted, however, that the record did not contain a certification from a healthcare provider or other documentary evidence substantiating the symptoms of claimant's condition. It further held that given claimant's allegation that the nature and extent of his condition was not known to himself or employer until after his termination, the record was insufficient to establish that claimant's separation was due to a certified health condition. This appeal followed.

Our review of the Board's decisions is "highly deferential." 863 To Go, Inc. v. Dep't of Labor, 2014 VT 61, ¶ 8, 196 Vt. 551. We will uphold the Board's factual findings unless clearly erroneous and its legal conclusions if reasonably supported by the findings. Beasley v. Dep't of Labor, 2018 VT 104, ¶ 9, 208 Vt. 433. As the appellant, claimant bears the burden to show reversible error. Harrington v. Dep't of Emp. Sec., 142 Vt. 340, 345 (1982).

Claimant moves for this Court to vacate the decision below and—based on evidence he seeks to submit for the first time in this appeal—conclude that employer did not terminate him for misconduct connected with his work, but instead because a health condition prevented him from fulfilling his responsibilities. The proffered evidence is described as a clinical note corresponding to claimant's visit to a cardiology clinic in June 2024. Claimant argues that he did not receive this evidence in time for it to be considered in connection with the original decision because the healthcare provider did not mail it until August 2024. He does not, however, otherwise challenge the Board's findings and conclusions.

The Department asks that we deny claimant's motion to vacate on the merits and because it allegedly contravenes the Vermont Rules of Appellate Procedure; the Department also moves to strike, correct, or modify the portions of claimant's filing that contain the alleged new evidence on grounds that it was not offered below and therefore is not part of the record on appeal. Claimant's motion to vacate and accompanying documentation essentially articulate his sole argument on appeal, and we decline to deny, strike, correct, or modify his self-represented filings on purely procedural grounds. See Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (recognizing that self-represented litigants appropriately "receive some leeway from the courts"). As set forth below, however, we agree with the Department's underlying assessment of the merits of this appeal: materials that are not part of the record below are not appropriately considered by this Court, and claimant has not demonstrated any grounds to vacate or otherwise disturb the Board's decision.

Under Vermont's Unemployment Compensation Act, a claimant is both disqualified for unemployment benefits for a period of six to fifteen weeks and subject to a benefit cap if "[t]he individual has been discharged by the individual's last employing unit for misconduct connected with the individual's work." 21 V.S.A. §§ 1340(b), 1344(a)(1)(A). To meet this standard, "an employee's misconduct must be in substantial disregard of the employer's interest, his disregard being either willful or culpably negligent." Favreau v. Dep't of Emp. & Training, 151 Vt. 170, 172 (1989). "Where, as here, misconduct is the asserted ground of disqualification for benefits, the burden of proof rests squarely on the employer." Johnson v. Dep't of Emp. Sec., 138 Vt. 554, 555 (1980) (per curiam).

Claimant's argument on appeal implicates the Act's health-leaving provision, 21 V.S.A. § 1344(a)(3). Section 1344(a)(3) provides that an individual may not be disqualified for benefits for more than six weeks if the individual "left the employ of the individual's last employing unit without good cause attributable to the employing unit because of a health condition, as certified by a health care provider . . . that precludes the discharge of duties inherent in such employment." The requirement of a healthcare provider's certification is satisfied by "any form which affirms the fact in writing." Davis v. Dep't of Emp. Sec., 140 Vt. 269, 273-74 (1981). The filing of such a document, however, is not "dispositive of whether a claimant has left his last employment because of a health condition." Favreau v. Dep't of Emp. & Training, 156 Vt. 572, 576 (1991). A claimant alleging that the health-leaving provision applies bears the burden of proof. Id. (affirming Board's conclusion "that claimant's evidence was insufficient to demonstrate either that medical conditions caused his departure from the job or that they would have precluded him from discharging the duties inherent in the job" despite submission of physician's certification); see also, e.g., Duggan v. Dep't of Labor, No. 2013-002, 2013 WL 3491181, at *2-3 (Vt. July 11, 2013) (unpub. mem.), https://www.vermontjudiciary.org/sites/ default/files/documents/eo13-002.pdf (concluding that claimant failed to meet burden of proving that health-leaving provision applied notwithstanding submission of medical-certification form).

As the Department points out, although 3 V.S.A. § 815(b) sets forth a procedure by which this Court may remand to the agency to take additional evidence if "it is shown to the satisfaction of the Court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency," claimant did not make such a request here. Instead, he asks that this Court consider evidence he did not offer during the administrative proceedings below. Our review is confined to the record created below and, on appeal, we cannot consider facts not in the record. Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining that Supreme Court's "review is confined to the record and evidence adduced at trial," and, on appeal, "we cannot consider facts not in the record"). Claimant's request that we consider this evidence is therefore denied as inconsistent with the scope of appellate review.

To the extent claimant argues that the Board erred in declining to remand the matter to the ALJ to take additional evidence regarding claimant's alleged health condition, he has not made the requisite showing of an abuse of discretion. See Miner v. Dep't of Emp. & Training, 144 Vt. 211, 213 (1984) (explaining that decision to remand for taking additional evidence "is within the discretion of the Board"); see also Vermont Employment Security Board Rule 15(C), Code of Vt. Rules 24 005 001, https://labor.vermont.gov/sites/labor/files/doc_library/ EmploymentSecurityBoardRules_Amended_Effective10.01.19.pdf [https://perma.cc/DE9N-GUPU] (providing that on appeal, "[t]he Board may remand the matter to the ALJ to take additional evidence necessary for the proper disposition of the appeal"). Although claimant now contends that he did not submit the evidence earlier because it was not available to him in time, this argument is difficult to reconcile with the record before us. First, claimant asserts that the record was mailed to him in August 2024—but the evidentiary hearing before the ALJ took place

in October 2024.  Second, during oral argument before the Board, claimant alleged that his condition was "all medically documented," but he chose not to submit this documentation earlier because it was protected health information—not because it was unavailable.

In <u>Miner</u>, we found that the Board acted within its discretion in declining to remand an appeal for the taking of additional evidence where the appellant employer "had the opportunity to present its evidence and chose, for whatever reason, to forgo that opportunity."  144 Vt. at 213.  Just so here.  Claimant bore the burden of showing that he left his employment "because of a health condition, as certified by a health care provider . . . that precludes the discharge of duties inherent in such employment."  21 V.S.A. § 1344(a)(3).  By his own admission to the Board, claimant chose not to present a health care provider's certification before the ALJ.  He has not demonstrated that the Board abused its discretion in declining to remand the matter to afford him a second opportunity to do so.

As noted above, claimant does not otherwise challenge the Board's decision.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice