120

## Richard Albin v. Department of Employment Security

[352 A.2d 678]

No. 114-75

Present: Barney, C.J., Smith, Daley, and Billings, JJ. and Gibson, Supr. J., Specially Assigned

Opinion Filed February 3, 1976

*Zander B. Rubin*, Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*Raymond S. Fitzpatrick*, Montpelier, for Defendant.

**Billings, J.** Richard Albin, claimant below, appeals a Vermont Employment Security Board decision disqualifying him for unemployment benefits. The Board concluded that claimant was discharged from his work with Ethan Allen, Inc. in Island Pond, Vermont, because of his refusal to work overtime when reasonably requested by his employer. The claims examiner had originally disqualified claimant under 21 V.S.A. § 1344, which was affirmed by the appeals referee, and subsequently by the Board.

The Board's findings of fact, two of which are challenged by claimant here, disclose the following. Claimant moved to Vermont from an urban area to find "a slower pace of living."

He was hired for a second time by Ethan Allen on September 13, 1974, and the discharge precipitating his unemployment claim occurred October 18, 1974. That day claimant was asked by his supervisor to work the next day, a Saturday, to prepare for the month-ending inventory to be held the following weekend. The findings detail a refusal by claimant to work this Saturday overtime, but claimant maintains that the evidence does not support this finding, since he, in fact, agreed to work a half day. The Board also found that a requirement of claimant's position was that he must be available for overtime work when necessary for inventory purposes. Claimant takes issue with this finding also. Based on these two crucial findings, the Board concluded that claimant was unwilling to fulfill his employer's overtime requirements, which amounted to misconduct within the meaning of 21 V.S.A. § 1344(a)(1).

We agree with claimant that the evidence and testimony before the Board support neither of the two controverted findings of fact set forth above which led the Board to a conclusion of misconduct.

A full factfinding hearing was never held before the Board, but reliance instead was had on the testimony taken at the hearing held before the appeals referee. That testimony established that claimant believed, according to his employment agreement, that he would only have to work overtime once a month to do physical inventory. The production manager, however, testified that "month ending inventories would have to be handled (by claimant) along with whatever overtime was necessary." Thus, the Board's finding that claimant was required to work overtime when necessary for inventory purposes is a compromise between the testimony of claimant and the production manager and, as such, does not comport with the evidence.

As to the finding that claimant refused to work overtime on Saturday, October 19th, the evidence shows instead, especially the testimony of the plant manager, that claimant reached an agreement on Friday with his supervisors that he would work a half-day Saturday to prepare for inventory taking the following week. The plant manager's testimony clearly established that claimant was discharged Friday, despite reaching an apparent settlement of that Saturday's over-

time, because he sought a guarantee for the following week that he would not be required to work any more overtime during that next week.

> Attorney: ". . . you discharged him because he was trying to dictate terms of employment that were unacceptable to you?"
>
> Plant manager: "Yes, he was, as far as I was concerned, he was dictating to us a job description beyond what his called for . . . ."

Claimant was discharged, according to the testimony below, simply because he sought a guarantee that no overtime would be required of him the following week. An employee has the right, without breaching his implied obligation to his employer, to protest regarding his working conditions and rules of the employer, and to request that they be altered. See *Osojnick* v. *Review Board*, 129 Ind. App. 515, 158 N.E.2d 656 (1959). A discharge for anticipatory misconduct, here refusal to work future overtime, is not a ground for disqualification from unemployment benefits. Had the employer the following week requested claimant to work overtime and had claimant then refused to work overtime falling within his job responsibilities, the discharge would have been for good cause, with disqualifications for unemployment benefits attaching. This did not happen here.

*Reversed and remanded for computation of unemployment benefits.*