## Chester Kasnowski v. Department of Employment Security

[406 A.2d 388]

No. 192-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 10, 1979

*James C. May,* Vermont Legal Aid, Inc., Springfield, for Plaintiff.

*Michael F. Ryan* and *Brooke Pearson,* Montpelier, for Defendant.

**Larrow, J.** Claimant Kasnowski appeals from a determina-

tion of the Employment Security Board disqualifying him from unemployment compensation benefits under 21 V.S.A. § 1344(a)(2)(A) as having left his last employing unit voluntarily without good cause attributable to such employing unit. He challenges some of the findings below as unsupported, and asserts that even if supported they do not support the Board's conclusion. We disagree and affirm.

 Appellant makes a forceful argument with respect to the evidence before the Board, which might even be persuasive were we the triers of fact in the first instance. But we are not, and, as we have many times indicated, we will not disturb the findings of the Board unless, considered as a whole, there is no evidence to support the decision. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 46, 330 A.2d 468, 471 (1974). Weight, credibility and persuasive effect are for the trier of fact. A review of the record convinces us that the findings needed to support the Board's conclusions find support in the evidence, although sharply contradicted and, on some nonessential particulars, substantially discredited.

The findings which bear directly upon the Board's decision may be summarized to delineate the point in issue. Claimant was a seasonal employee, assistant chef trainee at the Nordic Inn, Inc., in Londonderry during the 1976–77 season. He was laid off in the spring of 1977 for lack of work. He was re-employed for the 1977–78 season in August, 1977, under an oral work agreement, as assistant chef. He agreed to longer work hours, not defined, during high volume periods. His "understanding" of what these meant was based upon his previous season's experience. The precise terms of the agreement were disputed, but the Board found on credible evidence that he agreed to "long hours" at periods of high business volume, including Christmas and Washington's Birthday weekends. From Christmas 1977 through New Year's, 1978, claimant worked 55½ hours for his employer, plus some six hours on New Year's Eve for another employer. On New Year's Day, he had a discussion about being tardy on two occasions and his employer's expectation of "long hours." He stated that he needed seven hours sleep between shifts, and was told he could not be guaranteed this over Washington's

Birthday. He then requested his pay check immediately and said he was leaving. During the Christmas rush period he had had the minimum sleep time he requested.

■ The Board concluded there was no established breach of hiring agreement, that claimant's concern over future hours was speculative and unjustified, that his concern over his health was unreasonable, that he chose to quit for speculative personal reasons, and that he was accordingly subject to the statutory disqualification. We agree.

Although *Albin* v. *Department of Employment Security,* 134 Vt. 120, 352 A.2d 678 (1976), is distinguishable, this case presents a clear corollary to the rule laid down therein. In *Albin* we refused to disqualify a claimant for benefits when he was fired merely for anticipatory misconduct, refusal to work future overtime contrary to the terms of employment. We quite clearly laid down the requirement that, for misconduct to be attributable to an employee, it must be more than anticipatory misconduct; it must be present and actual. So in the instant case, with equal logic and justice, a quit for something that is only a future possibility and has not actually yet occurred does not justify the award of benefits. As in *Albin,* it may well never occur; a fortiori from *Albin* it is not even shown here that it would be an unreasonable breach of the hiring agreement if it did occur. In this situation the quit was voluntary and for personal reasons not attributable to the employer.

■ Claimant also urges error in the action of the appeals referee in limiting the scope of examination with respect to the terms of his previous year's employment, arguing that he based his understanding of his second employment upon those requirements. Since the agreement itself, and not just claimant's understanding of it, is the material point for determination, prejudice from the error, if any, is not demonstrated. No discussion of the previous agreement was shown, and it also appeared that during the prior year claimant was only a trainee, without prior experience.

No error appears, and the judgment must be affirmed.

*Judgment affirmed.*