## Joseph Habel v. Department of Employment and Training

[507 A.2d 973]

No. 85-468

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 12, 1986

*John McCullough, Vermont Legal Aid, Inc.*, Montpelier, for Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Per Curiam.** This is an appeal from a decision of the Vermont Employment Security Board sustaining the determination by the claims examiner that the appellant was disqualified for unemployment compensation benefits.

The claimant was employed by Colonial Chevrolet from September 20 to October 1, 1985, at which time he was discharged because he "failed to meet the job standards." He earned total wages of $384.15. He acknowledged before the claims examiner that he voluntarily left a job with Dion Motors on September 19, 1985 to accept the higher paying job with Colonial.

■ Under longstanding interpretations of the Vermont Unemployment Compensation Law (21 V.S.A. § 1301 et seq.), the appellant might have expected to receive benefits. Under the broad policy governing the application of the act, disqualifications must be based on a claimant's own culpability, such as misconduct connected with the work or voluntarily leaving a job without good cause attributable to the last employing unit. Here Colonial appeared to be the "last employing unit" within the meaning of 21 V.S.A. § 1344(a)(2)(A), and the appellant's claim appeared to be both routine and meritorious.

But the Department and the Board below denied the claim on grounds that it was barred by our recent decision in *Littlefield v. Department of Employment & Training*, 145 Vt. 247, 257, 487 A.2d 507, 513 (1984), holding that for purposes of 21 V.S.A. § 1344(a)(3), "an employing unit cannot become the last employing unit for any particular employee until that employing unit becomes responsible for any subsequent unemployment benefits claimed by that employee, pursuant to 21 V.S.A. § 1325." Colonial was not yet responsible for benefits payable to Mr. Habel, because his total earnings were only $384.15, and an employer becomes responsible under § 1325(a) only when he has paid an individual $695 or more.

■ Both parties in the case before us assert that the phrase "the last employing unit" in § 1344(a)(2)(A)—which is critical in determining employee eligibility—should simply mean "last in time" and should not be construed in relation to 21 V.S.A. § 1325, which deals only with allocating the costs of the unemployment insurance program, and has nothing to do with determining benefit entitlements under § 1344. We agree and reverse the decision below.

In *Littlefield* the claimant accepted a position where her hours were erratic, and before her wages exceeded the level of earnings disregarded under 21 V.S.A. § 1338a ("disregarded" earnings are weekly earnings so small that they are not considered), she sustained an injury that was unrelated to her employment, but

which prevented her from continuing in that job. When she applied for extended unemployment benefits based on an *earlier* employment, on the theory that the disregarded earnings in the *later* employment should not result in disqualification, she was denied. The reason the Department and Board gave was that since she left the *later* employment because of a "health condition" (21 V.S.A. § 1344(a)(3)), she was disqualified under the express provisions of 21 V.S.A. § 1344(c), which bars extended benefits, inter alia, to claimants who terminate employment because of a "health condition."

The rationale in *Littlefield* was that where earnings in a new employment do not exceed the disregarded levels set forth in 21 V.S.A. § 1338a for any week and the claimant terminates that employment for health reasons, it is unfair if that employment results in disqualification for benefits otherwise available on account of a previous job.

The claimant in *Littlefield* would not have been disqualified if she had not had an accident and if her later employment had continued without her ever earning more than is statutorily disregarded under § 1338a. Where a later job does not result in sufficient earnings to disqualify an employee from continuing benefits on account of an earlier employment, leaving that later job because of a health condition* should not have that result.

■ While the outcome in *Littlefield* was sound, we concede that the stated holding swept too widely and equated a "last employing unit" with employers chargeable under the state's employment compensation program, 21 V.S.A. § 1325. It would have sufficed to state the Court's position in *Littlefield* if we had indicated that an employing unit *cannot* be an individual's last employing unit for purposes of 21 V.S.A. § 1344(a)(3) if the individual has not received wages in any week from that employing unit in excess of his disregarded earnings as determined by 21 V.S.A. § 1338a and the individual's separation from his previous employing unit was not under disqualifying circumstances.

In all other cases, the "last employing unit" should simply mean the "last in time," as argued to the Court by both parties in the case at bar. We so hold.

---

\* Our rationale in *Littlefield* was not intended to apply to termination on other grounds under 21 V.S.A. § 1344.

*The decision of the Vermont Employment Security Board is reversed, and the case remanded for further proceedings consistent with this opinion.*