## Donald Santwire v. Department of Employment and Training (City of Rutland, Appellant)

[530 A.2d 571]

No. 86-282

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed May 28, 1987

*Nancy Corsones* of *Corsones & Hansen*, Rutland, for Plaintiff-Appellee.

*Henry C. Brislin*, City Attorney, and *Theodore F. Robare*, Law Clerk (On the Brief), Rutland, for Defendant-Appellant.

**Hill, J.** The City of Rutland appeals from a decision of the Vermont Employment Security Board (Board) sustaining the allowance by the Chief Appeals Referee of appellee's claim for unemployment compensation. We affirm.

Claimant was a foreman in the City of Rutland's Department of Public Works (Department). He was suspended by the Mayor of Rutland for two weeks without pay following his assertion that he would refuse to comply with a policy that would have required him to wear a "beeper" during off-duty hours. He appealed this suspension to the Board of Civil Authority, which affirmed the suspension and imposed an additional suspension of 46 days without pay.

Claimant applied for and received unemployment compensation for the period of his suspension. The City appealed that award, first to the Chief Appeals Referee, then to the Board, and now to this Court.

■ The standard of review applicable in unemployment compensation cases is that the findings will not be disturbed on appeal unless, "considered as a whole, there is no evidence to support the decision." *Kasnowski* v. *Department of Employment*

*Security,* 137 Vt. 380, 381, 406 A.2d 388, 389 (1979). Appellant does not appear to have met this standard on any of the arguments it raises.

■ Appellant first argues that a period of suspension does not count as "unemployment." Under 21 V.S.A. § 1301(9)(A), however, any period during which the employee is neither performing work nor being paid counts as unemployment. The Board upheld the Chief Appeals Referee's finding that appellee was "unemployed." Since this finding was based upon evidence in the record, it will not be disturbed here on appeal.

Appellant next argues that claimant was not "discharged," but rather was suspended, so that the right to compensation was not triggered. While the logic of this argument is not perfectly clear from the appellant's brief, it appears to be as follows: Since claimant was not "discharged" within the meaning of 21 V.S.A. § 1344, which sets forth those circumstances under which an individual can be disqualified for benefits, he could not be eligible for benefits under the statute in the first instance. Accordingly, the referee and the Board erred by awarding benefits.

■ Viewed in the context of the statutory scheme controlling unemployment compensation, the appellant's argument is that a claimant must demonstrate that he was discharged before he can be eligible to receive benefits. This argument misconstrues the relationship between the statutory provisions controlling initial eligibility for benefits, 21 V.S.A. § 1343, and disqualification from benefits, 21 V.S.A. § 1344. The operative employment status that brings a claimant within the scope of § 1343 is unemployment, not unemployment as a consequence of discharge. See 21 V.S.A. § 1343(a). If a claimant is discharged from employment, he may be disqualified from benefits by operation of § 1344. See, e.g., 21 V.S.A. § 1344(a)(1)(A). Thus, whether a claimant was discharged may have an impact on whether he may be disqualified from benefits, see 21 V.S.A. §§ 1344(a)(1)(A), 1344(a)(2)(B), but it can have no impact on whether a claimant is eligible initially to receive benefits under § 1343.

■ Finally, appellant argues, citing *Martin* v. *Town of Springfield,* 141 Vt. 554, 560, 450 A.2d 1135, 1139 (1982), that Rutland's city charter providing for suspension without pay for disciplinary purposes supersedes Vermont's unemployment compensation statute, thereby depriving the referee or the Board of the authority to grant any benefits. The Springfield charter in *Martin* con-

tained a provision that all state laws "relative to the government of towns" are deemed superseded with respect to Springfield, to the extent these laws are inconsistent with the Springfield charter. *Id.* at 560, 450 A.2d at 1139. The *Martin* case is inapposite here, however, because no similar provision in the Rutland charter has been brought to the attention of the Court, and the record provides no evidence of such a provision. Even if there were a similar provision in the Rutland charter, the unemployment statute is not one that is "relative to the government of towns," but instead treats municipalities as any other employer.

Claimant asks for sanctions in this Court because there were not good grounds for the appeal. While appellant has not demonstrated a sound legal basis for reversal, we cannot say that the basis for its appeal was frivolous, and there is no evidence on the record of improper purpose. The fact that the amount in dispute was less than the cost of the appeal to the claimant does not fill that evidentiary gap. The amount at issue is not a certain indicator of the importance of a cause.

*Affirmed.*