### Linda Howard v. Department of Employment and Training

[572 A.2d 931]

No. 87-284

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed February 16, 1990

*Mary C. Welford*, Vermont Legal Aid, Inc., Rutland, for Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Morse, J.** Plaintiff appeals the Vermont Employment Security Board's ruling denying her unemployment benefits. The

Board ruled that the term "last employing unit" as used in 21 V.S.A. § 1344(a)(2)(A) means one for which the claimant performed some services in return for some wages. We reverse and remand for a determination of benefits.

The facts are not in dispute. While plaintiff was working for Bets Truck Leasing Corporation as a housekeeper and babysitter, she sought other employment to broaden her skills and raise her income. She was successful in her venture when she was hired by Triangle PWC, Inc. as a trainee at increased wages and benefits. Triangle wanted plaintiff to begin work immediately but, in deference to her former employer and in reliance on Triangle's job offer, she gave Bets two weeks notice. Bets, in turn, relied on plaintiff's notice and replaced her to take effect upon the end of her two weeks notice.

In the meantime, Triangle's higher management decided to temporarily lay off trainees during renovations of its facility. Plaintiff's last day of work at Bets was Friday, March 20, 1987. On her supposed first day of work at Triangle, Monday, March 23, she was called by Triangle's personnel manager at 6:50 a.m. and told of the layoff. As it turned out, she did not start work for Triangle until eight weeks later.

Plaintiff applied for unemployment benefits from Triangle PWC but was denied for two reasons. First, the Department found that "she left . . . [Bets'] employ . . . voluntarily without good cause attributable to such employing unit." Of course plaintiff had "good cause" to leave Bets' employ, but the cause was not attributable to Bets. Second, she neither reported to work for Triangle nor received compensation from it, thereby making Bets her "last employing unit." 21 V.S.A. § 1344(a)(2)(A). As far as plaintiff's unemployment benefits were concerned, the Board considered her a person without a qualifying employer. In other words, through no fault of her own, plaintiff was caught between a rock (a voluntary quit) and a hard place (last employing unit). Plaintiff would have qualified had she not answered her phone that Monday morning and instead shown up for work and earned something, no matter how small.

■ This case turns on the meaning of "last employing unit," which is not defined in the Unemployment Compensation Act. The applicable provision in the Act states:

> (a) An individual shall be disqualified for benefits: . . . (2) For any week benefits are claimed, . . . until he has presented evidence to the satisfaction of the commissioner that he has performed services in employment for a bona fide employer and has had earnings in excess of six times his weekly benefit amount if the commissioner finds that such individual is unemployed because: (A) He has left the employ of *his last employing unit* voluntarily without good cause attributable to such employing unit.

21 V.S.A. § 1344(a)(2)(A) (emphasis added). While we are mindful that this Court owes deference to the Board's interpretation of that Act, e.g., *Caledonian Record Publishing Co. v. Department of Employment & Training*, 151 Vt. 256, 260, 559 A.2d 678, 681 (1989), we recognize that the Act must be construed liberally in favor of claimants "'to remove economic disabilities and distress resulting from involuntary unemployment, and to assist those workers who become jobless for reasons beyond their control.'" *Littlefield v. Department of Employment & Training*, 145 Vt. 247, 254, 487 A.2d 507, 510 (1984) (quoting *Donahue v. Department of Employment Security*, 142 Vt. 351, 354, 454 A.2d 1244, 1246 (1982)).

The Act is designed to compensate an employee, such as plaintiff, who is involuntarily laid off through no fault of her own. The provisions of the Act should not exclude a claimant unless such an exclusion is clearly intended by law. *Id.* The denial of benefits to plaintiff flies in the face of the Act's policy. To respond to that inconsistency, the Department principally relies on deference to the Board's interpretation and the common-sense notion that "to be eligible to receive unemployment compensation benefits, an individual must have had 'work' for 'wages' in 'employment'" in addition to an agreement to work for an employer. The common sense of the Department's argument, however, rings hollow when applied to the practical circumstances here. This is not a case where a Triangle employee who had not yet begun work did not have previous work for

wages. Plaintiff passed the wages test set forth in § 1344(a)(2) ("in excess of six times [her] weekly benefit amount"). There is no policy or reason to construe "last employing unit" narrowly to require that some compensation be paid or owed. In this case it would be entirely artificial to do so and would serve only the useless purpose of denying benefits to persons, who are employed and otherwise eligible, but are laid off before the actual work starts.

■ In *Habel v. Department of Employment & Training*, we held that "'last employing unit' should simply mean the 'last in time.'" 146 Vt. 566, 568, 507 A.2d 973, 975 (1986). Viewing the facts in this case reasonably, plaintiff's last employer was Triangle. An "employing unit" may exist for an employee hired but as yet not working for the employer. This conclusion based on the record before us comports with our view that per se rules are to be avoided in favor of case-by-case analysis in light of the remedial nature of the Unemployment Compensation Act. *Stoodley v. Department of Employment Security*, 141 Vt. 457, 463, 449 A.2d 980, 983 (1982). Plaintiff's claim did not arise until she was laid off by Triangle on March 23, two weeks after she had been hired by Triangle. She would have started receiving compensation save for the entirely fortuitous circumstance that management decided to lay her off in between her hiring and her first day of work. By no reasonable stretch of the imagination could Triangle not be considered Ms. Howard's employer. The Board's interpretation of "last employing unit" was clearly erroneous. *Caledonian Record Publishing Co. v. Department of Employment & Training*, 151 Vt. at 260, 559 A.2d at 681; *Pfenning v. Department of Employment & Training*, 151 Vt. 50, 52, 557 A.2d 897, 898 (1989); cf. *Santwire v. Department of Employment & Training*, 148 Vt. 142, 143, 530 A.2d 571, 572 (1987) (quoting *Kasnowski v. Department of Employment Security*, 137 Vt. 380, 381, 406 A.2d 388, 389 (1979)) ("findings will not be disturbed on appeal unless, 'considered as a whole, there is no evidence to support the decision'").

*Reversed and remanded.*

**Peck, J.,** dissents without opinion.