*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-155

DECEMBER TERM, 2012

| | |
|---|---|
| Bernice Singley | } APPEALED FROM: |
| | } |
| v. | } Employment Security Board |
| | } |
| Department of Labor | } |
| (World Learning, Inc., Employer) | } DOCKET NO. L-01-12-181-20 |


In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of her application for unemployment compensation benefits. She argues that her claim was improperly denied because she left her employment with good cause attributable to her employer. We affirm.

Claimant filed a request for unemployment compensation benefits in December 2011. A claims adjudicator denied her request. Following a hearing, an administrative law judge (ALJ) sustained this decision. Claimant then appealed to the Employment Security Board, which adopted the ALJ's findings and similarly concluded that claimant was not entitled to benefits.

The Board found as follows. Claimant worked for employer as an administrative assistant for ten years. As part of a restructuring effort, employer informed its employees that there would be layoffs, although it did not identify which jobs would be eliminated. It offered employees the option of taking a severance package. Claimant took this option, fearing that she would be laid off. Claimant informed her manager of her decision, and September 30, 2011 was her last day of work. Based on these findings, the Board concluded that claimant was disqualified from receiving benefits under 21 V.S.A. § 1344(a)(2)(A) because she left her employment voluntarily without good cause attributable to her employer. It reasoned that claimant made the decision to accept a severance package, which constituted a voluntary separation from employment. Drawing on Vermont case law, it concluded that quitting one's job based on the possibility of being terminated did not constitute good cause to leave that was attributable to the employer. It thus held that claimant was disqualified from receiving benefits. This appeal followed.

Claimant argues that a reasonable person would be concerned about job loss under the circumstances here. She thus maintains that she is entitled to unemployment compensation benefits.

As set forth above, when a claimant voluntarily leaves her employment, she must show both: (1) a sufficient reason to justify the quit; and (2) that the reason for the voluntary separation was attributable to the employer. 21 V.S.A. § 1344(a)(2)(A); Allen v. Dep't of Emp't & Training, 159 Vt. 286, 289 (1992). In analyzing good cause, we look to "what a reasonable

person would have done in the same circumstances." Isabelle v. Dep't of Emp't & Training, 150 Vt. 458, 460 (1988).

Our review of the Board's decision is deferential. We will uphold the Board's findings of fact unless they are clearly erroneous; we will uphold its conclusions of law if they are fairly and reasonably supported by the findings. Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.); see also Cook v. Dep't of Emp't & Training, 143 Vt. 497, 501 (1983) (recognizing that question of whether resignation is for good cause attributable to employer is within special expertise of Board, the decision of which is entitled to great weight on appeal).

The Board's decision is supported by the record here. As the Board found, claimant voluntarily terminated her employment. While she feared her job would be eliminated, her fear was speculative. We have explained that "a quit for something that is only a future possibility and has not actually yet occurred does not justify the award of benefits." Kasnowski v. Dep't of Emp't Sec., 137 Vt. 380, 390 (1979). The reason must be "present and actual." Id.

We recently discussed this standard in St. Martin v. Dep't of Labor, 2012 VT 8 (mem.). In that case, the claimant was a bookkeeper, and her employer informed her that the business would be closing because there were insufficient funds to cover payroll. Claimant quit and filed a claim for unemployment compensation benefits. As it turned out, there were sufficient funds to cover payroll. The Board concluded that claimant was not entitled to benefits because she had quit voluntarily without good cause attributable to her employer. We reversed this decision, finding that the claimant had not quit based on a future prediction or speculative personal reasons. Instead, we reasoned, she had faced the present reality that she would not be paid for her work. Claimant here did not have such a present and actual reason to justify her decision to resign.

Our decision in Ladeau v. Dep't of Emp't Sec., 134 Vt. 387 (1976), is also distinguishable. In Ladeau, we considered whether a veteran employee had quit or been fired. The employee had become frustrated after his employer repeatedly allowed others to use his service vehicle for nonbusiness purposes, leaving the vehicle in disarray. When his employer again instructed the claimant, over the claimant's objection, to leave his truck for another's use, claimant remarked that he would quit before he would drive the truck in such condition. The employer responded, " 'Okay, you can pick up your two weeks severance pay.' " Id. at 388. The claimant left work and did not return the following day.

The Board concluded that claimant quit. We reversed this conclusion, finding that the facts demonstrated the reasonableness of the claimant's behavior and did not show that the claimant had been trying to get fired. While the employer asserted that the claimant quit, we found this position wholly inconsistent with the employer's offer of severance pay. We took judicial notice that the use of the term "severance pay" in the labor market reflected a payment "incident to a firing without cause . . . but not incident to a voluntary quit." Id. at 389.

The circumstances of the instant case are different, and the broad language above must be understood in the context of the specific facts of Ladeau. In Ladeau, we considered the employer's unprompted offer of severance pay in evaluating whether the employer had fired the

claimant. The Board here was not asked to determine if claimant quit or was fired. It is true that claimant's employer offered a severance package as an incentive for its employees to resign, but it was claimant's voluntary decision to take advantage of this offer. While one can understand claimant's decision, our case law is clear that a claimant's speculative fear of being laid off does not constitute good cause for purposes of the statute. This conclusion serves the statutory purpose of providing "compensation for involuntary unemployment, with disqualification and penalties where the unemployment is due to choice or fault." Lane v. Dep't of Emp't Sec., 134 Vt. 9, 11 (1975); see also Howard v. Dep't of Emp't & Training, 153 Vt. 614, 616 (1990) (explaining that Unemployment Compensation Act is designed to "assist those workers who become jobless for reasons beyond their control" (quotation omitted)). We find no grounds to disturb the Board's decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

3