NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 68

No. 2017-300

| | |
|---|---|
| Mark Clark | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orleans Unit, Civil Division |
| | |
| Lisa Menard, Commissioner | April Term, 2018 |

A. Gregory Rainville, J.

Mark Clark, Pro Se, Newport, Plaintiff-Appellant.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Robert C. Menzel, Jr., Assistant Attorney General, Waterbury, for Defendant-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **REIBER, C.J.** Petitioner appeals pro se from the dismissal of his complaint regarding his eligibility for prison work camp. The trial court concluded that it lacked authority to review this Department of Corrections (DOC) programming decision. We agree and affirm.

¶ 2. Petitioner is an inmate under the custody and control of the DOC. He pled guilty to driving under the influence, fourth offense, in July 2016 pursuant to a plea agreement. The plea agreement included a "recommendation to work camp." The DOC subsequently deemed petitioner ineligible for work camp because petitioner had an earlier conviction that involved a violent assault against a law enforcement officer. Petitioner grieved this decision within the DOC, and his grievances were denied.

¶ 3. In January 2017, petitioner filed a complaint under Vermont Rule of Civil Procedure 75 against the DOC Commissioner, challenging the DOC's eligibility decision.

Petitioner noted that he was recommended to work camp as part of his plea agreement and that he was incarcerated for a nonviolent offense. He argued that he should not continue to suffer the consequences from his earlier assault conviction. Petitioner also asserted that the DOC's decision was unfair because another prisoner, who had been convicted of bank robbery, was participating in work camp.

¶ 4. The State moved to dismiss petitioner's complaint for lack of subject matter jurisdiction. It argued that work camp was a DOC program and the DOC's programming decisions were not subject to judicial review. See Rheaume v. Pallito, 2011 VT 72, ¶ 11, 190 Vt. 245, 30 A.3d 1263 (holding that "promulgation of programming requirements falls within the broad discretion of the DOC to determine what mode of treatment best serves individual inmates," and "[n]othing in the statutes limits that discretion"); Charbonneau v. Gorczyk, 2003 VT 105, ¶ 6, 176 Vt. 140, 838 A.2d 117 (explaining that work camp is DOC program that provides "rehabilitation through community service"). The court agreed with the State and granted its motion to dismiss. This appeal followed.

¶ 5. We review the trial court's dismissal for lack of subject matter jurisdiction "de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Rheaume, 2011 VT 72, ¶ 2. We agree with the trial court that dismissal was appropriate because the DOC's work-camp eligibility determination is a nonreviewable programming decision.[1]

¶ 6. Petitioner contends that the DOC's decision violated his equal protection rights. We have recognized that a petitioner's constitutional claims are reviewable under Rule 75, and

---

[1] While this appeal was pending, the State discovered that prior to filing the instant action, petitioner sought and obtained a sentence reduction based in part on his ineligibility for work camp. His sentence was reduced from five-to-ten years to three-to-eight years and the amended mittimus no longer contains a recommendation for work camp. The State moves to dismiss this appeal for lack of subject matter jurisdiction, arguing that to the extent that petitioner's claim rested on a purported liberty interest created by his plea agreement, that claim is now moot. Because we conclude that dismissal was appropriate for the reason identified by the trial court, we find it unnecessary to address the State's mootness argument.

"[t]he fact that a colorable constitutional claim implicates a programming decision committed to the DOC's discretion does not insulate the alleged constitutional violation from judicial review." In re Girouard, 2014 VT 75, ¶ 12, 197 Vt. 162, 102 A.3d 1079. In this case, however, petitioner waived his constitutional argument by failing to raise it with specificity below. See State v. Ovitt, 2005 VT 74, ¶ 13, 178 Vt. 605, 878 A.2d 314 (mem.) ("An issue is not preserved for appeal unless a party raises it with specificity and clarity below, thereby ensuring that the trial court will have an opportunity to fully develop the relevant facts and to reach considered legal conclusions."). Petitioner did not mention the Equal Protection Clause below. Instead, he asserted that it was unfair that someone convicted of bank robbery was eligible for work camp while he was not. This was insufficient to preserve the constitutional claim petitioner now raises on appeal. See State v. Ben-Mont Corp., 163 Vt. 53, 61, 652 A.2d 1004, 1009 (1994) (concluding that single mention of "fairness" in brief was insufficient to preserve due process challenge for appeal).

¶ 7. Petitioner next asserts that he was promised placement in work camp as part of his plea agreement. According to petitioner, this promise created a liberty interest in participating in work camp and receiving the good time credits associated with work camp, and he was deprived of this interest without due process. Petitioner cites Sandin v. Conner in support of his argument. 515 U.S. 472 (1995). The Sandin Court held that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," but such interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84 (citations omitted). Petitioner asserts that, given the terms of his plea agreement, DOC had to find him eligible for work camp.[2]

---

[2] In his brief, petitioner refers to materials that are not part of the record below. Our review is limited to the record submitted in the superior court and we have not considered any materials outside the record. See V.R.A.P. 10(a)(1) (stating that "record on appeal consists of the original documents, data, and exhibits filed . . . in the superior court"); Gauthier v. Keurig Green Mountain,

3

¶ 8.     At the outset, we reject the premise of petitioner's argument.  Petitioner's plea agreement does not contain any promise that he would be deemed eligible for work camp, nor would the court be in any position to make such promise.  It contains only a "recommendation" for work camp, not a guarantee, assuming arguendo that such a guarantee could be made.  We discern no "liberty interest" that petitioner acquired in work camp through his plea agreement or otherwise.  See Conway v. Gorczyk, 171 Vt. 374, 376-79, 765 A.2d 463, 465-67 (2000) (concluding that inmate has no liberty interest in participating in rehabilitative programs that may result in sentence reduction).

¶ 9.     Our case law makes clear that it is for the DOC to assess petitioner's eligibility for work camp.  We held in Rheaume that "particular programming requirements . . . are a matter of DOC discretion and as such are nonreviewable under Rule 75."  2011 VT 72, ¶ 11.  Work camp is a DOC program "whose mission is rehabilitation through community service"; the program enables inmates to "reduc[e] their sentences at a faster rate than inmates at other facilities."  Charbonneau, 2003 VT 105, ¶ 6.  The DOC has discretion in administering the work camp program, and under Rheaume, its decisions are not reviewable under Rule 75.  Petitioner's complaint was therefore properly dismissed.

Affirmed.

FOR THE COURT:

_____
Chief Justice

Inc., 2015 VT 108, ¶ 4, 200 Vt. 125, 129 A.3d 108 (refusing to consider materials that were not submitted below).

4