VERMONT SUPREME COURT

Case No.      23-AP-137

109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SEPTEMBER TERM,   2023

Ronald Whitmore\* v. Department of Labor }    APPEALED FROM:
(Global Foundries US 2 LLC)              }
                                         }    Employment Security Board
                                         }    CASE NO. 06-22-035-01


In the above-entitled cause, the Clerk will enter:

Claimant appeals a decision of the Employment Security Board affirming a determination that he was ineligible for unemployment compensation benefits because he left his employment voluntarily without good cause attributable to his employer. We affirm.

Claimant worked for seven years for employer Global Foundries US, and prior to that, worked for employer's predecessor International Business Machines for over twenty years. He was a senior staff technician and earned $40 per hour. During the COVID-19 pandemic, employer required employees to wear masks, undergo temperature checks before entering the building, and engage in social distancing. Claimant complied with these directives.

In December 2021, employer announced that COVID vaccinations would be required for employees unless they applied for a religious or medical exemption. Employees who did not have proof of vaccination or an exemption would be terminated as of March 31, 2022.

Claimant applied for a religious exemption. Employer approved his request subject to certain conditions. Unlike vaccinated workers, unvaccinated workers would be required to wear masks. Employer also would require testing for unvaccinated workers, though it had not yet established a testing protocol. Claimant was concerned about the uncertainty of these requirements and that employer might add other requirements in the future. He declined the religious accommodation and refused to be vaccinated. His employment ended on March 31, 2022.

Claimant filed for unemployment compensation benefits. A claims adjudicator denied his claim on the ground that he left his employment voluntarily without good cause attributable to the employer. Claimant appealed to an administrative law judge, which affirmed the decision, and then to the Board, which also affirmed. Claimant then appealed to this Court.

Vermont's unemployment compensation statute provides that an individual is disqualified from receiving unemployment benefits if "[t]he individual left the employ of the

individual's last employing unit voluntarily without good cause attributable to the employing unit." 21 V.S.A. § 1344(a)(2)(A). Our review of the Board's decision is deferential, and we will uphold its findings unless clearly erroneous. Kelley v. Dep't of Labor, 2014 VT 74, ¶ 6, 197 Vt. 155.

The record supports the Board's findings that claimant voluntarily quit and that he did not have good cause to do so. "In determining whether a separation from employment is a discharge or a voluntary quit, we look to the intent of the parties at the time of the separation." Id. ¶ 10. Employer gave claimant the option of either getting vaccinated or continuing to wear a mask and undergoing other safety protocols. Claimant chose not to comply with either option and therefore to be terminated in accordance with employer's policy. This was a voluntary separation.

The record also supports the Board's determination that claimant lacked good cause for leaving. The burden of proving good cause attributable to the employer is on the employee. Skudlarek v. Dep't of Emp. & Training, 160 Vt. 277, 280 (1993). Good cause to quit is determined by considering "what a reasonable person would have done in the same circumstances." Isabelle v. Dep't of Emp. & Training, 150 Vt. 458, 460 (1988) (citation omitted). We agree with the Board that claimant failed to meet his burden on this issue. Contrary to his assertion, employer did not mandate a vaccine for employment; it permitted claimant to work without being vaccinated if he adhered to certain additional safety protocols, some of which he had already been following during the pandemic. These were reasonable options, and claimant's refusal to follow either of them did not constitute good cause for quitting. Claimant's concerns that employer would later impose additional requirements for unvaccinated workers also did not constitute good cause for leaving, as "a quit for something that is only a future possibility and has not actually yet occurred does not justify the award of benefits." Kasnowski v. Dep't of Emp. Sec., 137 Vt. 380, 382 (1979).

Claimant argues on appeal that employer violated his rights under Articles 1, 6, and 7 of the Vermont Constitution. Claimant did not preserve these arguments for our review because he did not raise them before the administrative law judge or the Board in this matter. Clark v. Menard, 2018 VT 68, ¶ 6, 208 Vt. 11 (explaining that by failing to raise constitutional argument with specificity below, appellant waived it on appeal). We therefore see no reason to disturb the Board's decision.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

2