VERMONT SUPREME COURT    Case No.     23-AP-294
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2024

Edward Johnson\* v. Andrew Pallito &  }  APPEALED FROM:
Mike Lyon                             }
                                      }  Superior Court, Washington Unit,
                                      }  Civil Division
                                      }  CASE NO. 22-CV-03468
                                         Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a civil division order dismissing his complaint for lack of subject-matter jurisdiction. We affirm.

Plaintiff is an inmate in the custody of the Department of Corrections (DOC). Plaintiff requested that the DOC retrieve an mp3 player for him from storage, alleging that he had used the mp3 player while in a facility outside of Vermont.[1] The DOC informed him through the grievance process that such devices were not allowable property and therefore denied plaintiff's request.

Plaintiff filed suit in the civil division for review of governmental action under Vermont Rule of Civil Procedure 75.[2] Defendants moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Plaintiff did not respond to the motion to dismiss. The civil division granted the State's motion, concluding that the DOC decision was not reviewable under any statute or common-law writ, such as mandamus. The civil division explained that the DOC had discretion in how to maintain security at its facilities and there was no statute or other law constraining the DOC's authority to control items available to inmates. Plaintiff appealed to this Court.

---

[1]  The civil division order referred to the item as an "iPod." On appeal, plaintiff has clarified that it is an mp3 player and therefore we refer to the item this way. The distinction does not impact the result of the appeal.

[2]  On appeal, plaintiff asserts that the case title should be changed to reflect that Nicholas Deml is the current Commissioner of the DOC. Because the Supreme Court uses the case title of the superior court action and that case title has the former commissioner's name, the case title for this appeal will remain unchanged. V.R.A.P. 12(a).

We review a dismissal for lack of subject-matter jurisdiction de novo. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. In assessing a motion, we accept all factual allegations in the complaint as true and construe all facts "in the light most favorable to the nonmoving party." Id. Rule 75 provides a mechanism to review agency action when "such review is otherwise available by law." V.R.C.P. 75(a).

Plaintiff's complaint alleged that the DOC erred in declining to provide him with an mp3 player that he used in an out-of-state facility and was in storage. Among other delegations of authority, the DOC Commissioner has the power to "establish and administer programs and policies for the operation of the correctional facilities of the Department," to administer correctional facilities, to "prescribe rules and regulations for the maintenance of discipline and control at each correctional facility," and to "maintain security, safety, and order at the correctional facilities." See 28 V.S.A. § 102(b)(2), (c)(3), (c)(5), (c)(6). In accordance with its statutory authority, the DOC has an offender property policy that places limits on the property allowed to incarcerated individuals while inside correctional facilities. These statutes do not provide for judicial review of the DOC's decision regarding permissible inmate property.

Because no statute provides for review of the DOC's decisions regarding possession of certain items while incarcerated, review under Rule 75 is available only through one of the extraordinary writs—prohibition, certiorari, or mandamus. See Rheaume, 2011 VT 72, ¶ 5. Here, prohibition, which is designed to prevent the unlawful assumption of jurisdiction by a tribunal, does not apply because it is undisputed that the DOC is not a court and has authority to control behavior and possession of property by inmates inside correctional facilities. See id. ¶ 6 (explaining that prohibition prevents unlawful assumption of jurisdiction contrary to law). Review by certiorari is also not applicable because it is for review of judicial action, and the allowable property policy was an administrative decision applicable to all inmates rather than a judicial decision. See id. ¶ 8 (explaining that certiorari provides review of judicial action by inferior courts). Finally, mandamus is also not applicable because it can be used only to enforce the performance of existing duties. Id. ¶ 7. Here, the DOC does not have a duty to allow inmates access to mp3 players. The DOC's decision to limit access to these items does not amount to an "extreme, arbitrary abuse of administrative discretion"; rather, it is a decision within the DOC's discretion of how to best maintain the safety and security of correctional facilities. See Inman v. Pallito, 2013 VT 94, ¶¶ 15-17, 195 Vt. 218 (concluding that mandamus not available to review DOC decision regarding inmate programming because it was matter within DOC's discretion). Therefore, the civil division properly granted the State's motion to dismiss for lack of subject-matter jurisdiction.

On appeal, plaintiff argues that the prison facility need not adhere to the offender property policy and could allow him use of the mp3 player despite the policy. "Generally, administrative agencies must follow their own regulations until they rescind or amend them." In re Champlain Parkway SW Discharge Permit, 2021 VT 34, ¶ 12, 214 Vt. 561. The DOC's decision to adhere to its policy is well within the DOC's authority and does not alter the analysis as to the availability of relief under Rule 75.

On appeal, plaintiff also argues that other prisoners have electronic devices and suggests that the facility is discriminating against him. Plaintiff has failed to preserve this argument for appeal. Plaintiff's complaint sought review of the DOC's decision to deny him access to his

mp3 player and requested return of the player.[3]  The State moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim.  Plaintiff did not respond to that motion.  Having failed to present his claims of discrimination to the civil division, he has not properly presented the argument for appeal and therefore we do not reach it.  See Clark v. Menard, 2018 VT 68, ¶ 6, 208 Vt. 11 (concluding that petitioner did not preserve equal-protection claim when he did not raise it with specificity below).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

---

[3]  In plaintiff's grievance to the DOC, which was attached to his complaint, he alleged that some white inmates had mp3 players.  This statement is not sufficient to preserve the argument for appeal where plaintiff did not allege discrimination in his complaint to the civil division or raise it in opposition to the State's motion to dismiss.  The purpose of the preservation requirement is to allow the trial court the opportunity to address the argument and that opportunity was not provided here.