Filed 02/23/26

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|

**VERMONT SUPERIOR COURT**
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 25-CV-00686

**Kristian Branley v Nicholas Deml**

## ENTRY ORDER REGARDING MOTION

Title:         Motion to Dismiss (Motion: 3)
Filer:         John Lacey
Filed Date:    July 08, 2025

Petitioner Kristian Branley brought this Rule 74 appeal of his furlough revocation by Respondent Nicholas Deml, the former Vermont Department of Corrections Commissioner ("DOC"). DOC has moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. DOC asserts Branley's revocation resulted from a nontechnical violation beyond the court's jurisdiction under 28 V.S.A. § 724(c). Branley opposes DOC's motion, asserting various due process violations. Counsel represent both parties. For the reasons that follow, the court denies without prejudice DOC's motion to dismiss (Mot. 3).

### I. Background

The court bases this section on a de novo review of the administrative record submitted in this case, 28 V.S.A. §724(c)(1), focusing on the facts most relevant to the pending motion. Branley may and does appeal only his January 2025 revocation. *See* Feb. 13, 2025 Notice of Appeal (challenging January 29, 2025 furlough revocation); V.R.Civ. P. 74(b) (requiring appeal within time provided by V.R.App. P. 4); V.R.App. P. 4(a)(1) (requiring notice of appeal within 30 days of challenged action).

This court can only make sense of Branley's January 2025 revocation by beginning with his April 2024 revocation, given the administrative record. DOC has released Branley a number of times on community furlough. This case follows his most recent release on December 22, 2023. AR at 1-2; 5-6. His conditions included CO1 or Condition 1, "I will not be cited or charged; I will not commit any act punishable by law, including city and municipal code violations." AR at 16.

On March 9, 2024, Branley charged $919.55 in tools at Aubuchon Hardware in Shelburne, MA to the account of his brother's business at Aubuchon Hardware in Shelburne, VT. Branley did not have authorization to do so. AR at 23-26.

On March 28, 2024, Burlington Probation and Parole reviewed the charging affidavit of the Shelburne, MA police department, proposing to charge Branley with larceny under $1,200 by false pretense and identity fraud. AR at 7, 13. The administrative record includes a police report and mentions the charging affidavit but does not include it. AR at 7, 13-14.

After Branley returned to DOC custody, he received a Notice of Suspension Report ("NOS") on April 4, 2024. AR at 14, 11. That NOS stated in part: "You are being accused of violating the following condition(s)" and listed a number of conditions, including Condition 1, quoting it in full. The notice informed Branley of his furlough violation hearing on April 9, 2024. AR at 11. Branley waived his hearing appearance on April 6, 2024, checking the box indicating, "I do not wish to appear at this hearing, and I hereby waive that right. I realize that by waiving my right to appear or have a hearing on this matter I am admitting that a preponderance of the evidence supports being found guilty of the alleged violation." AR at 9.

The case staffing form from April 9, 2024 resulted in a furlough violation. The form described a variety of events, including the March 2024 Aubuchon Hardware incident in Massachusetts and the proposed charges from the charging affidavit. On April 17, 2024, case staffing initially recommended a two-year interrupt to Branley's furlough. AR at 5-7. Due to aggravating factors, DOC imposed a four-year interrupt. AR at 8.

While back in custody, Branley spoke to the Windham County Sheriff's Department in October 2024 regarding activities in 2022 during a prior furlough. Those discussions resulted in new criminal charges. AR at 3. In January 2025, DOC conducted a second case staffing, found another furlough violation and recommended a four-year interrupt. AR at 1-4. In the Explanation of Decision, the case staffing form noted that, "A NOS was issued based on these newly discovered violations and upheld" and "Branley will remain ineligible for community supervision for a period of 4 years. . . ." AR at 4. The NOS can only refer to the April 2024 NOS, since the administrative record includes no other ones. AR at 11-12.

## II. Discussion

This court must ensure it has subject matter jurisdiction. *See, e.g.*, *Mullinnex v. Menard*, 2020 VT 33, ¶ 11, 212 Vt. 432 (noting that courts have the "independent obligation to ensure that [they] act only in cases where [they] have subject-matter jurisdiction"). In this case, that means ensuring that Branley's furlough revocation involved a "technical violation" where his "violation of conditions of furlough . . .[did] not constitute a new crime." 28 V.S.A. §§ 722(4); 724(c)(1), (d). Given the wording of Condition 1, the court must determine whether Branley violated it in a technical way (with conduct not constituting a new crime where the court would have subject

2

matter jurisdiction) or in a nontechnical way (with conduct constituting a new crime where the court would lack subject matter jurisdiction).

DOC's motion persuades the court that it may lack subject matter jurisdiction over Branley's appeal because his challenged January 2025 case staffing resulted from a nontechnical violation under 28 V.S.A. § 722(4), previously unreported and unknown criminal conduct during 2022. AR at 1-4. Inasmuch as the January 2025 revocation relied upon his April 2024 revocation, the administrative record likewise establishes that Branley's earlier revocation also arose from a nontechnical violation, conduct that constituted a new crime in Massachusetts in March 2024. AR at 5-8. Either of these nontechnical violations on their own would lie beyond the court's subject matter jurisdiction under 28 V.S.A. § 724(c)(1).

Branley has challenged his furlough revocation for different reasons. He effectively raises due process concerns regarding the January 2025 case staffing because "the AR omits entirely the record of the furlough violation hearing as to those allegations." Opp. at 1.

Viewing "all uncontroverted factual allegations of the complaint . . . as true and construed in the light most favorable to" Branley, *Clark v. Menard*, 2018 VT 68, ¶ 5, 208 Vt. 11, 13 (2018) (citation and internal quotations omitted), this court agrees that the administrative record does not demonstrate that DOC provided Branley the process due him. This court recognizes that, as a furloughee under 28 V.S.A. § 723, Branley enjoyed a qualified liberty interest. *See* Opp. at Att. H, *Champagne v. Dept . of Corrections*, Docket No. 1162-12-19 Cncv, at 3-5 (Vt. Super. Ct. Jan. 15, 2020) (Toor, J.).

Branley's qualified liberty interest entitled him to the procedural due process protections established by DOC. *E.g.*, *Richardson v. Vermont*, No. 1:15-CV-120, 2015 WL 9921313, at *7 (D. Vt. Dec. 23, 2015) (noting that the Supreme Court requires "'prison disciplinary proceedings' [to] follow specific procedures in order to satisfy due process"); *Champagne*, at 5-6 ("A reasonable person cannot fail to be troubled by the idea that DOC, which has huge discretion in managing its charges and the ability to penalize every failure to follow the rules imposed upon those charges, can ignore its own rules without penalty.")

"Due process claims must be resolved on the facts before the court, and we must look to whether the individual asserting a denial of due process can show prejudice from the asserted denial." *State v. Mott*, 166 Vt. 188, 193, 692 A.2d 360, 364 (1997), *overruled on other grounds by Hinkson v. Stevens*, 2020 VT 69, 213 Vt. 32 (2020).

Branley correctly notes that DOC does not appear to have followed its own rules when it revoked his furlough in January 2025. Opp. at 1-2. DOC Policy #430.11, Response to Furlough

Violations, requires the probation and parole officer to "complete an NOS and document the violation in the supervised individual's record pursuant to the NOS process." Opp. App. A, Policy #430.11 § C.4, at 9. That NOS precedes a furlough revocation hearing. *Id.* § C.5, 6, at 9.

The administrative record shows no NOS for the January 2025 case staffing. The file states "[a] NOS was issued based on these newly discovered violations and upheld." AR at 4. Yet the administrative record contains only one NOS from April 2024. AR at 11-12. The only waiver in the administrative record relates to that April 2024 NOS. AR at 9-10. Without a new NOS, Branley had no new waiver for the January 2025 revocation. Branley's April 2024 waiver could not have applied prospectively to his October 2024 admissions on which DOC based its January 2025 revocation. AR at 3. The April 2024 and January 2025 furlough revocations were based on different conduct by Branley constituting different crimes in different states. AR at 3-4, 7-8. Without a new NOS and a new waiver, Branley may have suffered prejudice necessary to establish a due process violation in connection with his January 2025 revocation. *Mott*, 166 Vt. at 193.

Likewise, the administrative record does not make clear whether DOC conducted the required hearing in connection with his January 2025 revocation. As far as this court can tell, the word "hearing" appears nowhere in the case staffing form. AR 1-4. The absence of a hearing may also constitute a due process violation if Branley can demonstrate prejudice. *Mott*, 166 Vt. at 193.

The court acknowledges that Branley may have difficulty proving prejudice sufficient to establish a due process violation. Both his April 2024 and January 2025 revocations resulted in the same four-year interrupt. AR at 4, 8. We will cross that bridge when we get to it. For now, viewing "all uncontroverted factual allegations of the complaint . . . as true and construed in the light most favorable to" Branley, *Clark*, 2018 VT 68, ¶ 5, DOC's motion cannot succeed.

4

### III. Order

For the reasons discussed above, the court denies without prejudice DOC's motion to dismiss (Mot. 3). The court will set this case for hearing on whether Branley received due process in connection with his January 2025 revocation. As explained above, if Branley does not establish a due process violation, then DOC may renew its motion to dismiss for lack of subject matter jurisdiction if DOC based its January 2025 revocation on a nontechnical violation.

Electronically signed pursuant to V.R.E.F. 9(d) on February 23, 2026.

Colin Owyang
Superior Court Judge